(No. 41987.—

ELISE LIPSEY, Appellant, *vs.* MICHAEL REESE HOSPITAL *et al.,* Appellees.

*Opinion filed June 29, 1970.—Rehearing denied October 7, 1970.*

JAMES A. DOOLEY, of Chicago, for appellant.

CLAUSEN, HIRSH, MILLER & GORMAN, of Chicago, (JOHN R. CAFFREY and JAMES T. FERRINI, of counsel,) for appellee Michael Reese Hospital.

WILDMAN, HARROLD, ALLEN & DIXON, of Chicago, (BERNARD HARROLD, of counsel,) for appellee Gerald J. Menaker.

Mr. JUSTICE WARD delivered the opinion of the court:

The plaintiff, Elise Lipsey, brought suit on December 14, 1966, against Dr. Gerald Menaker and Michael Reese Hospital (hereafter, the Hospital) alleging that the defendants in 1963 negligently advised that a cancerous condition of the plaintiff was noncancerous, and as a consequence she was required to undergo a forequarter amputation of her left arm, shoulder and breast. Suit was not brought within

two years of this claimed negligence (see Ill. Rev. Stat. 1969, ch. 83, par. 15) but it was, the plaintiff alleged, brought within two years of the time she discovered the defendants' negligence. The defendant Menaker moved for summary judgment on the grounds that he had not been negligent and that suit had not been brought within the period of the applicable statute of limitations. The Hospital also moved for summary judgment on the ground, too, that suit had not been instituted within two years after the cause of action had accrued. On December 5, 1968, the circuit court of Cook County granted the defendants' motions for summary judgment and dismissed the complaint. The plaintiff has appealed directly to this court, alleging that the dismissal by the trial court violated rights guaranteed by both the United States and Illinois constitutions.

When the plaintiff consulted the defendant Dr. Menaker in October, 1963, concerning a lump on her left arm he advised its surgical removal. The lump was excised by Dr. Menaker at the Hospital and a biopsy was performed by the pathology department of the Hospital. The biopsy report indicated that the excised tumor was not malignant.

In March of 1966 the plaintiff again consulted Dr. Menaker. The plaintiff then complained of a lump under her arm. After examination, Dr. Menaker recommended that this lump be surgically removed. In April of 1966 the plaintiff entered the Hospital and Dr. Menaker excised several of the enlarged lymph nodes under the plaintiff's arm. He also excised a lesion from the left breast of the plaintiff. A pathology report prepared by the Hospital disclosed a malignancy both in the lymph nodes and in the left breast. It would appear that the necessity of further surgery was indicated. The plaintiff was discharged from the Hospital on April 11, 1966. She did not re-enter the Hospital and she was not again treated by Dr. Menaker. Later that month, plaintiff underwent radical surgery for the removal of her left breast, shoulder and arm at a New York hos-

pital. A frozen section of the lump removed in 1963 at the Hospital was examined in the pathology department of the New York hospital and was pronounced malignant. It was then that the plaintiff became aware of the error made in the biopsy of 1963.

In this appeal the plaintiff contends that her cause of action for negligence did not accrue until she discovered the negligence of the defendants. She argues that in cases such as here the cause of action should not be considered as accruing until the discovery of the negligence or until the time it reasonably should have been discovered. Any other construction of the limitations statute is, she claims, arbitrary and unreasonable. She does not challenge the general validity of the limitations statute but takes the position that the trial court's construction that the statute of limitations begins to run from the time of the negligence and not from the time that the one injured discovers or would reasonably discover the negligence violates her constitutional rights. The action of the trial court deprived her, the plaintiff contends, of her right to seek a remedy against the defendants for her injuries and thus violated section 19 of article II of the Illinois constitution, which assures a certain remedy for every injury. Also, she says, the trial court's interpretation of the statute effected an arbitrary classification of persons situated such as the plaintiff in violation of section 22 of article IV of the constitution of Illinois and arbitrarily and unreasonably discriminated against her in violation of the due process and equal protection clauses of both the United States constitution and the constitution of Illinois.

The defendants contend there is no basis for a direct appeal to this court, since the constitutionality of the statute is not involved but merely its construction by the trial court and this is not, they argue, of constitutional dimension. They further say that the construction placed on the statute by the trial court carries out the intention of the legislature.

The defendants point out that the Appellate Court of Illinois in *Mosby* v. *Michael Reese Hospital,* 49 Ill. App. 2d 336, rejected the argument offered by the plaintiff here, *i.e.,* that the cause of action in a medical malpractice case accrues at the time of the discovery of the negligence and not at the time of its occurrence. Subsequently, the defendants say, the Illinois legislature apparently considered some inequities from a rule that a medical malpractice cause of action accrues at the time of the negligence and amended the statute of limitations to provide for the so-called discovery rule when a damaging foreign substance has been left in the body in the course of the treatment. (See Ill. Rev. Stat. 1969, ch. 83, par. 22.1.) It is argued, that by this action it is clear that the legislature after considering the discovery rule intended to limit the application of the rule to cases involving the leaving of a foreign substance in the body in the course of treatment.

Further, the defendants maintain, it is unquestioned that the legislature has the power to provide for periods of limitations and statutes of limitations are not unconstitutional if they are reasonable so far as the period of allowable time is concerned. An erroneous construction of such a statute does not render the statute unconstitutional.

We consider first the defendants' contention that no constitutional issue is involved to warrant a direct appeal to this court. In *McDaniel* v. *Bullard,* 34 Ill.2d 487, 489, which also involved a statutory construction, we said that "While the jurisdictional issue is not entirely free from doubt we think that the plaintiff's contention raises a question under the constitution which warrants direct review. (*Cf. Hall* v. *Gillins,* 13 Ill.2d 26; *Cunningham* v. *Brown,* 22 Ill.2d 23; *Siegall* v. *Solomon,* 19 Ill.2d 145; *Heckendorn* v. *First Nat. Bank,* 19 Ill.2d 190." We judge that here the plaintiff has posed substantial constitutional questions. Direct review by this court is warranted though disposition of the case may be reached without the necessity of our engaging these

constitutional questions. *McDaniel* v. *Bullard,* 34 Ill.2d 487.

The principal issue in this appeal is whether the two-year period of limitations for tort actions established in section 14 of the Limitations Act, (Ill. Rev. Stat. 1969, ch. 83, par. 15) began to run in October of 1963 at the time of the plaintiff's first surgery and the alleged negligence, or at the time that the plaintiff discovered her true condition or should have known of it and the defendants' claimed negligence. If the latter standard should have been applied by the trial court, dismissal of the plaintiff's complaint on the ground that it was barred by the Statute of Limitations was improper.

The pertinent portions of our limitations statute provide: "Actions for damages for an injury to the person, or for false imprisonment, or malicious prosecution, or for a statutory penalty, or for abduction, or for seduction, or for criminal conversation, shall be commenced within two years next after the cause of action accrued." Ill. Rev. Stat. 1969, ch. 83, par. 15.

"Whenever in the course of any medical, dental, surgical or other professional treatment or operation, any foreign substance other than flesh, blood or bone, is introduced and is negligently permitted to remain within the body of a living human person, causing harm, the period of limitation for filing an action for damages does not begin until the person actually knows or should have known of the facts of hurt and damage to his body; provided that no such action may be commenced more than 10 years after such treatment or operation." Ill. Rev. Stat. 1969, ch. 83, par. 22.1.

Contrary to the plaintiff's position, it has been held that a cause of action for medical malpractice accrues at the time of the negligent act. (*Gangloff* v. *Apfelbach* (1943), 319 Ill. App. 596.) However, the force of this decision has been dissipated, the plaintiff argues, because holdings of other jurisdictions relied on in that opinion have been upset

and because this court in its recent decision in *Rozny* v. *Marnul*, 43 Ill.2d 54, which involved an error in survey, approved the "discovery" rule. Too, the plaintiff urges that simple justice requires the application of the "discovery" rule in medical malpractice cases involving negligent diag-- noses and she invites attention to recent decisions in other· jurisdictions which, the plaintiff says, have recognized this, *e.g., Ruth* v. *Dight* (1969), (Wash.) 453 P.2d 631; *Acker* v. *Sorensen* (1969), 183 Neb. 866, 165 N.W.2d 74; *City of Miami* v. *Brooks* (1954), (Fla.) 70 S. O. 2d 306; *Wilkinson* v. *Harrington* (1968), (R.I.) 243 A.2d 745; *Iverson* v. *Lancaster* (1968), (N.D.) 158 N.W.2d 507 and *Yoshizaki* v. *Hilo Hospital* (1967), 50 Haw., 150, 433 P.2d 220.

The defendants urge that this court's function is but to determine the legislative intent concerning the Limitations Act's application to medical malpractice suits and that the legislative intent was not to extend the "discovery" rule to a case such as the one here. They rely on *Mosby* v. *Michael Reese Hospital*, 49 Ill. App. 2d 336, in which the court refused to apply the "discovery" rule in a medical malpractice case involving a foreign object left in the patient's body. The court held it was the prerogative of the legislature to change the rule as to the time at which the limitations act would begin to run in a particular case and not that of the court. As we have noted, the defendants point out that after the decision in *Mosby*, the legislature passed a statute which had the effect of creating an exception to the rule followed in that case. That statute provides for the application of the "discovery" rule in cases of foreign objects negligently left in a patient's body. The defendants point out that the legislature did not provide for the application of the discovery rule to other cases in which malpractice is alleged. Hence, it is argued that the legislature clearly intended that the rule that the limitations

statute begin to run from the time of the negligence would apply to other negligent medical treatment cases.

The defendants argue that this court in *Rozny* v. *Marnul*, 43 Ill.2d 54, intended to limit application of the discovery rule to cases where the passage of time would do little to increase problems of proof. It is contended, that foreign object malpractice cases are of a peculiar nature. The burden of proof in such cases is relatively simple to sustain and the doctrine of *res ipsa loquitur* is typically invoked and relied upon. There is a different situation in other negligent malpractice cases. Too, the defendants say, a majority of jurisdictions have not adopted the discovery rule in malpractice. The division of authority is about even but a number of jurisdictions approving the discovery rule have done so only in malpractice cases involving foreign objects negligently left in a patient's body. See *e.g.*, 80 A.L.R.2d 368, 396, and *Flanagan* v. *Mount Eden General Hospital* (1969), 24 N.Y.2d 427, 301 N.Y.S. 2d 23, 248 N.E.2d 871.

Undeniably it is a judicial function to determine and follow, where it is not legally interdicted, the legislative intention. But we consider, contrary to the defendants' argument, that there has not been an expression by the legislature prohibiting an adoption of the "discovery" rule. Responding to a similar argument in *Berry* v. *Branner*, 245 Ore. 307, 421 P.2d 996, the Supreme Court of Oregon said at page 999, "The contention is made that a decision of this kind amounts to judicial legislation. The legislature, however, did not provide that the time of accrual was when the physician performed the negligent act. The court did. The legislature left the matter undetermined. A determination that the time of accrual is the time of discovery is no more judicial legislation than a determination that it is the time of the commission of the act."

Nor do we consider the inaction of the legislature following the decision in *Gangloff* v. *Apfelback*, 319 Ill. App.

596, nor its amendment to the statute following *Mosby* v. *Michael Reese Hospital,* 49 Ill. App. 2d 336, as approving the "time of negligence" rule as opposed to the "discovery" rule. Our observation in *Nudd* v. *Matsoukas,* 7 Ill.2d 608, 615, in which we considered the wrongful death act, is germane: "We do not consider that the amendment itself indicates any implied approval of our prior decisions. (See *Commissioner* v. *Church,* 335 U.S. 632.) We are indeed treading on dangerous ground when we purport to judge the judicial soundness of our prior opinions by the presence or absence of corrective legislation. (*Cf. Helvering* v. *Hallock,* 309 U.S. 106.)"

After reviewing the decisions on the question we consider that the Limitations Act should not be given the narrow construction which was imposed in *Gangloff* and *Mosby.* Such a construction often brings "obvious and flagrant injustice." (Prosser, Law of Torts, (3rd ed. 1964), sec. 30.) We extend the rule of time of discovery followed by us in *Rozny* and hold that, in medical malpractice cases as this, the cause of action accrues when the person injured learns of his injury or should reasonably have learned of it. In this we join what Prosser has described as a "wave of decisions" favoring the rule of time of discovery. *E.g., Yerzy* v. *Levine,* 108 N.J. Super. 222, 260 A. 2d 533; *Yoshizaki* v. *Hilo Hospital,* 50 Haw. 150, 433 P.2d 220; *Frohs* v. *Greene,* (Ore.) 452 P.2d 564; *Janisch* v. *Mullins,* 1 Wash. App. 393, 461 P.2d 895 and also see 55 Ia. L. Rev. (1969), 486.

We are not deterred from our holding by the defendants' argument that the legislature consciously and properly distinguished between medical malpractice cases involving the leaving of foreign substances in a patient's body and other types of medical malpractice. First, as has been said, we have not found such a distinguishing by the legislature. Second, it would be basically illogical to attempt such a distinction. As the Supreme Court of Oregon put it in *Frohs*

v. *Greene:* 452 P.2d 564, 565 : "On a theoretical basis it is impossible to justify the applicability of the discovery rule to one kind of malpractice and not to another. The reason for the application of the discovery rule is the same in each instance. It is manifestly unrealistic and unfair to bar a negligently injured party's cause of action before he has had an opportunity to discover that it exists. This is true whether the malpractice consists of leaving a foreign object in the body or whether it consists of faulty diagnosis or treatment."

Finally, we consider the contention of the defendant Dr. Menaker that the trial court ruled that he was not negligent as a matter of law in addition to its ruling on the limitations question. His contention is based on the fact that his motion for summary judgment offered two grounds for judgment, namely, that he had not been negligent and that the Statute of Limitations had run. However, there is nothing in the record to suggest that the trial court considered both grounds for the motion. It would seem likely that the trial court found it necessary to consider only the limitations ground, which readily permitted a disposition of the case through summary judgment and did not require consideration of the question of negligence. In any event, it cannot be said on this record that there is no issue of fact as to the question of negligence. Dr. Menaker's affidavit concerning his knowledge of the local medical standard of care and his claimed compliance with it was certainly not determinative of the question. Nor can it be said that the depositions taken of the physician-defendant and the plaintiff eliminated issues of fact raised by the complaint.

In view of our interpretation of the limitations statute as it applied in this case, it is unnecessary to consider the constitutional questions raised.

The judgment of the circuit court of Cook County is reversed and the cause is remanded for further proceedings consistent with this opinion.

*Reversed and remanded.*