GABRIEL ANGUIANO *et al.*, Plaintiffs-Appellants, *v.* ST. JAMES HOSPITAL *et al.*, Defendants.—(ST. JAMES HOSPITAL *et al.*, Defendants-Appellees.)

First District (1st Division)    No. 76-1261

Opinion filed August 1, 1977.—Rehearing denied August 31, 1977.

Klohr, Braun, Lynch & Smith, of Chicago (John J. Treacy, of counsel), for appellants.

Baker & McKenzie, of Chicago (Francis D. Morrissey, Thomas R. Nelson, and Charles B. Lewis, of counsel), for appellee St. James Hospital.

McKenna, Storer, Rowe, White & Farrug, of Chicago (John F. White, Robert S. Soderstrom, and Mairen K. Christenson, of counsel), for appellees Donald J. Bauer and Herbert Doroshaw.

Mr. JUSTICE O'CONNOR delivered the opinion of the court:
Plaintiffs, Gabriel Anguiano and Gloria Anguiano, his wife, sued defendants, St. James Hospital, a corporation, Peter J. Iagmin, Donald J. Bauer and Herbert Doroshaw, alleging that defendants' malpractice was the cause of plaintiffs' injuries. The trial court granted defendants' motions for summary judgment based on the two-year statute of limitations (Ill. Rev. Stat. 1971, ch. 83, par. 15). Plaintiffs appeal, raising two issues: (1) whether an action for damages for alleged malpractice accrues and the statute of limitations begins to run at the time plaintiff learns that he has a condition of ill-being or at the time plaintiff learns that

the conditon was caused by negligence in the treatment of a prior trauma, and (2) whether summary judgment should have been denied because genuine issues of material fact were raised by defendants' assertion of the defense of the statute of limitations.

Gabriel Anguiano's pelvic area was crushed in an industrial accident on October 13, 1967. He was admitted to defendant hospital that day and was treated there by defendant doctors. (Defendant Iagmin is not a party to this appeal.) Plaintiff was catheterized in the emergency room of the hospital. Later the catheter dislodged and was replaced by an orderly. Plaintiff was discharged on November 19, 1967, but 10 days later he complained to his doctor of his inability to urinate. He was hospitalized several times over the next four years to be treated for a recurring stricture of his urethra.

In 1968, plaintiff retained his present attorneys to represent him in a workmen's compensation proceeding. His attorneys were aware that he had a urinary problem in May 1968. They had him examined by Dr. Barnett, who practiced in orthopedics and industrial medicine. In June 1968, Dr. Barnett advised the attorneys that the urinary problem should be evaluated by a competent urologist. On July 2, 1970, one of the attorneys again referred to plaintiff's urinary problem when he requested that Dr. Barnett examine plaintiff. The attorney told Dr. Barnett that another doctor's opinion on the urinary problem would be sought.

On June 26, 1970, Dr. Barnett advised plaintiff's attorneys to have the urinary problem evaluated by a competent urologist. In March 1972, a urologist reported to plaintiff's attorneys that during the original hospital treatment plaintiff should have received surgical care for the urinary problem but did not get that kind of treatment.

On July 7, 1972, plaintiffs filed suit alleging malpractice on the part of all of the defendants. After the filing of a second amended complaint and after discovery was had, defendants' motions for summary judgment based on the two-year statute of limitations were granted.

■ ■ Plaintiffs argue that under the "discovery rule" a cause of action for damages by reason of alleged malpractice accrues and the statute of limitations starts to run when the patient discovers, or reasonably should have discovered, that his condition of ill-being was caused by defendants' negligence and that plaintiffs did not so discover until March 1972, when the report from the urologist was received. The "discovery rule," as applied to the accrual of a cause of action in medical malpractice, was stated in *Lipsey v. Michael Reese Hospital* (1970), 46 Ill. 2d 32, 262 N.E.2d 450:

> " * * * [I]n medical malpractice cases as this, the cause of action accrues when the person injured learns of his injury or should reasonably have learned of it. * * *" (46 Ill. 2d 32, 40.)

Applying *Lipsey* to the facts at bar, we hold that the latest date upon which plaintiff knew or reasonably should have known of his injury was June 26, 1970, when Dr. Barnett for the second time advised plaintiff's attorneys of the need to have the urinary problem analyzed by a competent urologist. The first time was in June of 1968. Because suit was not filed until July 7, 1972, more than two years after June 26, 1970, the trial court correctly applied the statute of limitations.

Plaintiffs also contend that the trial court improperly granted summary judgment because there existed genuine material issues of fact relating to the defense of the statute of limitations.

■■ Defendants' motions for summary judgment were supported by affidavits and by the deposition testimony of Dr. Barnett and plaintiff's examining urologist and by the correspondence between plaintiff's attorneys and Dr. Barnett. These fully established that plaintiff Gabriel Anguiano knew or should have known of his injury more than two years before suit was filed. The trial court did not err in finding that no genuine material issue of fact existed with reference to the statute of limitations.

The judgment of the circuit court of Cook County is affirmed.

Affirmed.

GOLDBERG, P. J., and McGLOON, J., concur.