ROSARIA ILARDI, Plaintiff-Appellant, *v.* LIVIO SPACCAPANICCIA, D.P.M., *et al.*, Defendants-Appellees.

First District (5th Division)    No. 76-1664

Opinion filed October 7, 1977.

M. Cherif Bassiouni and Jerald A. Lavin, both of Chicago, for appellant.

Jacobs, Williams, and Montgomery, Ltd., Clausen, Miller, Gorman, Caffrey & Witous, Wildman, Harrold, Allen & Dixon, and McKenna, Storer, Rowe, White & Farrug, all of Chicago (Barry L. Kroll, James T. Ferrini, Robert S. Soderstrom, and Robert E. Haley, of counsel), for appellees.

Mr. JUSTICE LORENZ delivered the opinion of the court:

Plaintiff brought this action to recover damages for personal injuries she allegedly sustained as a result of defendants' malpractice. The trial court granted defendants' motion to dismiss based on the two year statute of limitations. (Ill. Rev. Stat. 1975, ch. 83, par. 22.1.) On appeal plaintiff contends the court (1) erroneously applied the statute of limitations, and (2) should have conducted a factual hearing in connection with defendants' motion to dismiss.

Plaintiff filed this action on December 8, 1975, alleging that she sustained injury at Northlake Community Hospital as a result of foot surgery performed on her by Drs. Spaccapaniccia, Polisner, and Lipsman on May 9, 1972. Drs. McNabola, Jablokow and Ross assisted in the

allegedly negligent treatment of plaintiff. "Shortly after the operation the plaintiff developed a separation of the web between the first and third toes of both feet." Dr. Spaccapaniccia taped the area together and reassured plaintiff that her feet would heal, however, they did not. Instead, she developed "splaying," a separation between the first and second toes of both feet. Additionally, pain developed in that area. Dr. Spaccapaniccia offered to reoperate, but plaintiff declined this offer. She continued under his care for approximately one year.

In May 1974, plaintiff was still in pain. She sought the advice of her family physician, who suggested she see a specialist. Over the next nine months she consulted various specialists. However, "the first time plaintiff had reasonable grounds to believe [that her injury was the] result of the surgical procedure she underwent on May 9, 1972, was on or about February 1, 1975."

Defendants brought a motion to dismiss pursuant to section 48(1)(e) of the Civil Practice Act (Ill. Rev. Stat. 1975, ch. 110, par. 48(1)(e)) arguing that the statute of limitations barred plaintiff's action. (Ill. Rev. Stat. 1975, ch. 83, par. 22.1.) The trial court granted defendants' motion and plaintiff appeals.

OPINION

Plaintiff contends that the trial court improperly applied the two year statute of limitations as contained in section 21.1 of the Limitations Act. (Ill. Rev. Stat. 1971, ch. 83, par. 22.1.) Citing *Lipsey v. Michael Reese Hospital* (1970), 46 Ill. 2d 32, 262 N.E.2d 450, and section 21.1, she asserts that in applying the "discovery rule" to a medical malpractice action, the statute of limitations starts to run when plaintiff either knows or reasonably should know that her injury was caused by defendants' negligence.

■■ We disagree. Contrary to plaintiff's assertion *Lipsey* did not hold that a cause of action in medical malpractice accrues when the person injured learns his injury is actionable. (*Anguiano v. St. James Hospital* (1977), 51 Ill. App. 3d 229, 366 N.E.2d 930.) Rather it held that the cause of action accrues "when the person injured *learns of his injury* or should reasonably have learned of it." (Emphasis added.) (46 Ill. 2d 32, 40, 262 N.E.2d 450, 455.) Nor does section 21.1 of the Limitations Act support her position, as she suggests. It provides that "No action for damages for injury or death against any physician or hospital * * * shall be brought more than 2 years after the date on which the claimant knew, or through the use of reasonable diligence should have known, * * * of *the existence of the injury or death* for which damages are sought* * *." (Emphasis added.) (Ill. Rev. Stat. 1975, ch. 83, par. 22.1.) Here, plaintiff admitted in her complaint and at oral argument that she learned of her injury "[s]hortly

after the operation," over 3½ years prior to the time she brought this action. Consequently, we agree with the trial court that she did not commence this action within the time allowed by law. Ill. Rev. Stat. 1975, ch. 83, par. 22.1; see *Berry v. G. D. Searle & Co.* (1974), 56 Ill. 2d 548, 309 N.E.2d 550.

■■ Plaintiff nevertheless contends that it was incumbent on the court to conduct a hearing to determine the reasonableness of her actions, in light of the particular characteristics of the parties and their relationship. She argues that under the constructive knowledge qualification in *Lipsey* ("should have known* * *") she did not have reasonable grounds to believe she had suffered "actionable injury" until February 1, 1975. However, because we have held here that the injured party need only know of her injury—not that it is actionable (*Anguiano v. St. James Hospital* (1977), 51 Ill. App. 3d 229, 366 N.E.2d 930), this contention is also without merit. Regardless of what extenuating circumstances plaintiff may have proved at a hearing (absent allegations of concealment) it would not change the fact that she became aware of her injury "[s]hortly after the operation." It is axiomatic that the constructive knowledge qualification in *Lipsey* applies only if plaintiff lacks actual knowledge of her injury, and cannot be invoked here, where plaintiff is aware of her injury.

For the foregoing reasons the judgment of the circuit court is affirmed.

Affirmed.

SULLIVAN, P. J., and MEJDA, J., concur.