GERALDINE ADDISON, Adm'r of the Estate of Rosemary Addison, Deceased, Plaintiff-Appellant, *v.* HEALTH AND HOSPITAL GOVERNING COMMISSION OF COOK COUNTY, a/k/a Cook County Hospital, *et al.*, Defendants-Appellees.

First District (2nd Division)    No. 76-1369

Opinion filed December 27, 1977.

Nathan Finn, of Chicago (Copeland, Finn & Fieri, Ltd., of counsel), for appellant.

Winston & Strawn, of Chicago (Calvin Sawyier, Michael Danly, and Christine Cooper, of counsel), for appellees.

Mr. PRESIDING JUSTICE DOWNING delivered the opinion of the court:

Plaintiff, Geraldine Addison, brought suit as administrator to recover damages for the wrongful death of her daughter, Rosemary Addison (decedent). Defendants, Health and Hospital Governing Commission of Cook County and Drs. Talluri Krishnamurty and Mukund Gadbole, moved to dismiss the complaint for plaintiff's failure to serve timely notice of the intention to sue. The court dismissed the complaint with prejudice. On appeal plaintiff presents the following issues for our review: (1) whether the one-year notice provision in section 8—102 of the Local Governmental and Governmental Employees Tort Immunity Act (Act) (Ill. Rev. Stat. 1973, ch. 85, par. 8—102) is applicable to this wrongful death action; and (2) whether the period within which a party is required to serve notice of the intention to sue pursuant to the Act commences with the discovery of a wrongful death action.

Plaintiff-administrator's complaint alleged that defendants' careless and negligent treatment of the decedent was a direct and proximate cause of decedent's death on August 10, 1974. Specifically the complaint alleged that defendant doctors had administered the drug keflin to the decedent when they knew or should have known that keflin should never be given to anyone allergic to penicillin. After denying most of the factual allegations of the complaint, defendants asserted that the action was not timely filed. Thereafter they moved to dismiss the complaint, stating that the acts complained of occurred in July and August of 1974, and that notice of suit was not received until approximately May 28, 1976. As the Act requires that the injured person must give notice in writing to the public body within one year from the date of the injury, defendants alleged that plaintiff had failed to give defendants the statutory notice required by law. In her answer to the motion, plaintiff claimed that the cause of action accrued to a minor, the son of the decedent; that the hospital had waived the immunities and defenses of the Act by purchasing public liability insurance; and that if the notice requirement was necessary, it had been met since plaintiff did not discover the cause of action until December 1975, when hospital records were subpoenaed and examined.

The court then ordered the cause dismissed with prejudice for plaintiff's failure to serve timely notice on defendants. This appeal followed.

## I.

Section 8—102 of the Act requires that any person, who is about to

commence any civil action for damages on account of injury caused by a local public entity or its employees due to acts committed in the scope of employment, must serve written notice within one year from the date the injury was received or the cause of action accrued. (Ill. Rev. Stat. 1973, ch. 85, par. 8—102.) In the case at bar the decedent's death occurred on August 10, 1974, and notice was served on defendants on May 28, 1976. These facts are not in dispute. Plaintiff maintains, however, that since the decedent left a minor child as her sole heir, the child was not legally obligated to comply with the statutory notice requirement. She argues that a line of Illinois cases establishes that a statute requiring written notice of suit does not apply to a minor. (See *Haymes v. Catholic Bishop of Chicago* (1965), 33 Ill. 2d 425, 211 N.E.2d 690; *McDonald v. City of Spring Valley* (1918), 285 Ill. 52, 120 N.E. 476; *Carlson v. Village of Glen Ellyn* (2d Dist. 1959), 21 Ill. App. 2d 335, 158 N.E.2d 225; *Doerr v. City of Freeport* (2d Dist. 1926), 239 Ill. App. 560.) Yet those cases are premised on the theory that an exception for minors is necessary in order to protect the minor's interest and preserve his day in court.

■■■ Here the right of action accrued not to the minor beneficiary, but to the adult administrator. In Illinois, wrongful death actions must be brought by and in the name of the personal representative of the deceased; and any amount recovered is for the exclusive benefit of the surviving spouse and next of kin. (Ill. Rev. Stat. 1973, ch. 70, par. 2.) The administrator possesses the sole right of action or control over the litigation. (*Franciscy v. Jordan* (2d Dist. 1963), 43 Ill. App. 2d 344, 355, 193 N.E.2d 219; see also *Ryan v. Chicago, Milwaukee, St. Paul & Pacific R.R. Co.* (1st Dist. 1930), 259 Ill. App. 472, 478; *Sims v. City of Moline* (2d Dist. 1921), 222 Ill. App. 530; *Springside Coal Mining Co. v. Grogan* (3d Dist. 1892), 53 Ill. App. 60.) Section 2 of the Illinois Wrongful Death Act does not create an individual right for a plaintiff bringing suit; rather it affords a cause of action for the benefit of the deceased's estate. *Evain v. Conlisk* (N.E. Ill. 1973), 364 F. Supp. 1188, 1191, *aff'd* (7th Cir. 1974), 498 F.2d 1403.

■■ In the case of *Fanio v. John W. Breslin Co.* (1972), 51 Ill. 2d 366, 282 N.E.2d 443, the plaintiff brought suit as administrator of her husband's estate, seeking damages for his wrongful death. The counts against the Metropolitan Sanitary District of Greater Chicago were dismissed for plaintiff's failure (i) to give the required notice, and (ii) to file suit within the required time limitation. In response to the plaintiff's contention that the six-month notice and one-year limitation provisions were unconstitutional, our supreme court declared:

> "The fact that the limitations of section 8—101 and 8—102 are not applicable to minors [citations] does not mean that these sections created arbitrary classifications. It is true that under the wrongful death action, any damages obtained by the administrator

are for the benefit of the widow and next of kin, the latter being minors in this case. *However, the plaintiff administrator, the party imposed with the burden of bringing the action, is not a minor; and the reasons inherent in removing minors from the scope of the notice and limitation requirements are totally lacking in the wrongful death action."* (Emphasis added.) (51 Ill. 2d 366, 368-69.)

*Fanio* is dispositive of plaintiff's contention in this regard. Plaintiff mistakenly argues that the notice requirement is inapplicable because the cause of action accrued to the decedent's child. *Fanio* makes clear, however, that plaintiff, the adult administrator, was the party imposed with the burden of bringing the instant action in a timely fashion.

Although plaintiff argues that the case of *Wilbon v. D. F. Bast Co.* (1st Dist. 1977), 48 Ill. App. 3d 98, 365 N.E.2d 498, *appeal allowed* (1977), ___ Ill. 2d ___, is analogous to the instant one, we cannot agree. In *Wilbon*, the court held that the decedent's minor children were not barred from asserting their rights by the two-year limitation of section 2 of the Wrongful Death Act (Ill. Rev. Stat. 1975, ch. 70, par. 2). The court reached its decision by characterizing the Wrongful Death Act as other than wholly statutory in nature. (48 Ill. App. 3d 98, 100-02.) The Act under consideration here, however, *is* wholly statutory in nature; and it specifically sets forth the notice requirement applicable to suits against local public entities and their employees. We note, too, that the action in *Wilbon* was maintained against a private company which owned the truck that killed the decedent. In this case defendants are a public hospital and its employees. Plaintiff here not only had the duty of bringing her action within the requisite time limitation, but also of serving notice of such intention within the period set forth in the Act.

## II.

Notwithstanding the undisputed fact that the decedent died on August 10, 1974, plaintiff contends that a cause of action based on medical malpractice was not discovered until December of 1975, and that the notice and limitation provisions of the Act should not have commenced to run until that time. She maintains that no one knew or could have known of the right to sue until December of 1975 when her daughter's medical records were examined. Thus, plaintiff posits that if the Act's notice requirement is applicable, she has met it by filing her complaint within one year of the date of "discovery" of the alleged medical malpractice. We disagree.

■■ In medical malpractice cases, the cause of action accrues when the person injured learns of his injury or should reasonably have learned of it. (*Lipsey v. Michael Reese Hospital* (1970), 46 Ill. 2d 32, 40, 262 N.E.2d 450; *Ilardi v. Spaccapaniccia* (1st Dist. 1977), 53 Ill. App. 3d 933,

369 N.E.2d 144; *Anguiano v. St. James Hospital* (1st Dist. 1977), 51 Ill. App. 3d 229, 230, 366 N.E.2d 930.) The record in the instant case is silent as to plaintiff's reasons for waiting 16 months to examine the decedent's medical records. Moreover, plaintiff has offered no explanation for her failure to ascertain the cause of the decedent's death in 1974. We think the mere assertion that a cause of action could not have been discovered earlier is insufficient.

The parties to this appeal have alluded to information which might clarify the state of plaintiff's knowledge at the time of her daughter's death. Yet we are limited to the record. The pleadings therein allege only that defendants failed to properly diagnose the decedent's condition, failed to read her medical history, disregarded her allergic reaction to penicillin, and administered the drug keflin to her when they knew or should have known that the drug should not be given to one allergic to penicillin. The complaint further alleged that the decedent lapsed into a coma as a result of such acts and subsequently died without regaining consciousness. When defendants moved to dismiss the complaint for failure to serve timely notice, plaintiff answered but offered no explanation whatsoever as to why the cause of action could not have been "discovered" sooner. As the appellant in this cause, plaintiff was under a duty to present a full and complete record. Any doubt arising from the incompleteness of the record will be resolved against the appellant. (*LaPlaca v. Gilbert & Wolf, Inc.* (1st Dist. 1976), 37 Ill. App. 3d 259, 261, 345 N.E.2d 774; *Sandberg v. American Machining Co.* (1st Dist. 1975), 31 Ill. App. 3d 449, 452, 334 N.E.2d 246; *Solomon v. City of Evanston* (1st Dist. 1975), 29 Ill. App. 3d 782, 787, 331 N.E.2d 380.) The sketchy record in this case leaves us no choice but to affirm the dismissal of plaintiff's complaint.

Plaintiff's citation of *Praznik v. Sport Aero, Inc.* (1st Dist. 1976), 42 Ill. App. 3d 330, 355 N.E.2d 686, does not persuade us otherwise. Although *Praznik* held the discovery rule applicable to a wrongful death action, the case is clearly distinguishable. The plaintiff in *Praznik* could not have known with any degree of certainty of her right to sue because an airplane housing her decedents' bodies was not discovered until approximately two years and eight months after the plane's disappearance. In the case at bar, however, no reason is put forth which explains the passage of time between the decedent's death and the filing of suit.

For all of the aforementioned reasons, the order of the circuit court of Cook County dismissing plaintiff's complaint is affirmed.

Affirmed.

STAMOS and PUSATERI, JJ., concur.