FANNIE LIND, Plaintiff-Appellant, *v.* DR. THEODORE ZEKMAN, Defendant-Appellee.

First District (1st Division)   No. 78-878

Opinion filed September 24, 1979.

Mitgang, Levine & Schwartz, of Chicago (John B. Schwartz, of counsel), for appellant.

Wildman, Harrold, Allen & Dixon, of Chicago (James P. Dorr, Ann C. Peterson, and David Heller, of counsel), for appellee.

Mr. JUSTICE CAMPBELL delivered the opinion of the court:

The plaintiff, Fannie Lind, appeals from the entry of a summary judgment in favor of the defendant, Dr. Theodore Zekman. The trial court entered the summary judgment order after determining that the plaintiff's claim was barred by the applicable statute of limitations pertaining to personal injuries. (Ill. Rev. Stat. 1973, ch. 83, par. 15.) We reverse.

The plaintiff first became a patient of Dr. Zekman's in 1952. On February 4, 1969, Dr. Zekman performed a lens extraction on the plaintiff's right eye. Thereafter, on March 13, 1969, or March 17, 1969, he removed the stitches placed in the plaintiff's eye incident to the operation. At this time, the plaintiff observed that while she could distinguish light from dark with her right eye, she could no longer differentiate objects with that eye. After this discovery, Lind consulted a number of physicians concerning her condition, some at the direction, suggestion and

accompaniment of Dr. Zekman. On July 1, 1969, the plaintiff's condition was diagnosed as epithelial downgrowth, a diagnosis confirmed by two other physicians. Over approximately the next four years, the plaintiff was treated by as many as eight physicians, including the defendant, and, in an effort to retard the epithelial downgrowth, underwent x-ray treatment and various surgical procedures including an unsuccessful corneal transplant.

In March 1975, the plaintiff consulted an attorney and through him an eye specialist who for the first time linked the plaintiff's eye condition with the defendant's surgical technique during the lens extraction procedure. Thereafter, on November 4, 1975, the plaintiff filed a malpractice action against Dr. Zekman.

The complaint alleged that Dr. Zekman was negligent in either improperly stitching the plaintiff's eye during the original procedure, or in the alternative, in failing to use due care in the removal of the stitches. The complaint further alleged that the plaintiff did not discover Dr. Zekman's negligent conduct until March 1975. In his answer, the defendant raised the affirmative defense that the action was barred by the two-year statute of limitations (Ill. Rev. Stat. 1973, ch. 83, par. 15) and moved to dismiss the action on this ground.

Subsequently, the defendant filed a motion for summary judgment based on the plaintiff's answers to interrogatories and to answers to certain questions propounded to her during her deposition. These confirmed that she knew of her injury in March 1969 when she lost the vision in her right eye and in July 1969 when her condition was diagnosed by Drs. Hughes, Newell and Maumenee. The defendant maintained that these answers prove that the plaintiff knew of her injury before 1975, contrary to the plaintiff's allegations in her complaint, and that the plaintiff should have filed the present action at the latest by 1972.

In response, Lind argued that her cause of action did not accrue when she first became aware of her condition, but only later when she discovered the act or event which led to her condition. This occurred, she maintained, when a specialist advised her in March 1975 that her epithelial downgrowth was caused by the formation of a fistulous tract which resulted from improper suturing or improper suture removal. It should be noted that the defendant introduced no statements or deposition testimony from the physicians who treated the plaintiff refuting the plaintiff's allegation that she learned of the causal connection between the lens extraction operation and the epithelial downgrowth in March 1975. Nor did he otherwise deny the validity of that date either in his answer or in his motion for summary judgment. The trial court granted the defendant's motion for summary judgment on February 21, 1978, and the plaintiff filed the present appeal.

■■ The statute of limitations in effect at the time that the plaintiff filed her suit[1] stated in pertinent part that:

"Actions for damages for an injury to the person, * * * shall be commenced within two years next after the cause of action accrued." (Ill. Rev. Stat. 1973, ch. 83, par. 15.)

A statute of limitations, by setting a time limit in which an action must be initiated, attempts to insure that a defendant will have a reasonable opportunity to investigate a claim and prepare a defense within a time period in which facts are still accessible and witnesses are still available. (*Tom Olesker's Exciting World of Fashion, Inc. v. Dun & Bradstreet, Inc.* (1975), 61 Ill. 2d 129, 334 N.E.2d 160; *Roper v. Markle* (1978), 59 Ill. App. 3d 706, 375 N.E.2d 934; *Mosby v. Michael Reese Hospital* (1964), 49 Ill. App. 2d 336, 199 N.E.2d 633.) Until recently, it was recognized that the limitation period in a tort action began to run from the time that the last act giving rise to the cause of action occurred. (*Gray v. American Radiator & Standard Sanitary Corp.* (1961), 22 Ill. 2d 432, 176 N.E.2d 761; *Mosby v. Michael Reese Hospital*; *Gangloff v. Apfelbach* (1943), 319 Ill. App. 596, 49 N.E.2d 795.) However, in *Rozny v. Marnul* (1969), 43 Ill. 2d 54, 250 N.E.2d 656, our supreme court rejected the "time of negligence" rule and adopted in its stead a "discovery" rule to prevent the harsh results occasioned where the former rule was applied to a plaintiff who failed to discover his injury until after the termination of the limitation period. (*E.g., Mosby v. Michael Reese Hospital.*) Under the discovery rule, as applied to Illinois malpractice cases, in *Lipsey v. Michael Reese Hospital* (1970), 46 Ill. 2d 32, 262 N.E.2d 450, a medical malpractice action accrues and "the limitations period begins to run not when the last act giving rise to a cause of action has occurred but when the plaintiff knew or should have known that he was 'injured'." *Roper v. Markle* (1978), 59 Ill. App. 3d 706, 708, 375 N.E.2d 934.

Initially, it should be noted that the defendant does not argue that he will be prejudiced by an application of the discovery rule or that the discovery rule should not otherwise be applied in this particular case, as was recently argued in *Nolan v. Johns-Manville Asbestos & Magnesia Materials Co.* (1979), 74 Ill. App. 3d 778, 392 N.E.2d 1352. Rather, we are asked to determine whether the limitations period commences when a party discovers or should have discovered his injury, or whether the period commences when a party discovers his injury is actionable. This issue was addressed by the Fifth Appellate District in *Roper v. Markle* (1978), 59 Ill. App. 3d 706, 375 N.E.2d 934, and the court's reasoning in that decision has been followed in several recent cases: *Nolan v.*

[1] This provision was amended (Ill. Rev. Stat. 1977, ch. 83, par. 22.1) to provide that a malpractice action must be brought no later than "4 years after the date on which occurred the act or commission or occurrence alleged in such action to have been the cause of such injury or death."

*Johns-Manville Asbestos & Magnesia Materials Co.; Martinez v. Rosenzweig* (1979), 70 Ill. App. 3d 155, 387 N.E.2d 1263; *Licka v. William A. Sales, Ltd.* (1979), 70 Ill. App. 3d 929, 388 N.E.2d 1261; *Kristina v. St. James Hospital* (1978), 63 Ill. App. 3d 810, 380 N.E.2d 816. We find it equally persuasive.

■■■ In *Roper*, the defendant performed a hysterectomy on the plaintiff on or about April 7, 1972. Shortly after that surgery, on May 9, 1972, it was discovered that one of the plaintiff's kidneys was inflamed and would have to be removed. Over two years later, on September 1, 1974, the plaintiff first learned that the defendant's negligence during the hysterectomy caused the inflammation which necessitated the removal of her kidney. Roper filed suit within two years of the discovery of the cause of her injury; however, the trial court dismissed the action on the basis that it was filed after the limitation period had lapsed. On appeal, this court reversed, holding that, in a medical malpractice case, a cause of action accrues when the plaintiff knew or should have known that a condition was the result of the negligent act or omission of another. After a thorough analysis of the purpose of statutes of limitation and a review of the Illinois malpractice discovery rule cases, the court reasoned that:

"* * * where the injury manifests itself at one time but there is no reason to know that the injury was caused by another until a later time, the later time starts the statute's running since it reflects the date on which the claimant knew or should have known of the 'injury.'

Such an interpretation is consistent with the purpose of statutes of limitations. Their purpose is not to shield a wrongdoer but rather to discourage the presentation of stale claims and to encourage diligence in the bringing of actions. [Citation.]

Until such time as a plaintiff knew or should have known that a condition, seemingly innocent in causation, was perhaps the result of another's act which may have been negligent, he has had no opportunity to discover that a cause of action exists [citation] or to be less than diligent in pursuing it in court. It would be both unrealistic and unfair to bar a cause of action before such time. In addition, it would not serve to further the purpose of the statute of limitations." 59 Ill. App. 3d 706, 713-14.

The defendant asserts that *Roper* is contrary to *Lipsey v. Michael Reese Hospital* (1970), 46 Ill. 2d 32, 262 N.E.2d 450, and two cases decided after *Lipsey, Ilardi v. Spaccapaniccia* (1977), 53 Ill. App. 3d 933, 369 N.E.2d 144, and *Anguiano v. St. James Hospital* (1977), 51 Ill. App. 3d 229, 366 N.E.2d 930. Indeed, the supreme court in *Lipsey* did hold that, "* * * in medical malpractice cases as this, the cause of action

accrues when the person injured learns of his injury or should reasonably have learned of it." (46 Ill. 2d 32, 40.)

An examination of the facts in *Lipsey*, however, suggests that it does not require the result urged by the defendant. In *Lipsey*, the defendant failed to properly diagnose the plaintiff's cancer. This error was not discovered until a tumor, excised from the plaintiff prior to the original diagnosis, was re-examined. The discovery of the cancer left no other conclusion but that the defendant had been negligent in rendering the earlier diagnosis. Consequently, the "learns of the injury" language, in *Lipsey*, was appropriate under the particular facts of that case. We do not believe that such language implies that the mere discovery of an injury without the knowledge that it was possibly caused by someone's negligence, is sufficient to trigger the running of the statute of limitations in all cases. (*Roper v. Markle.*) Additional support for this conclusion exists in the court's statement in *Lipsey* that:

"The reason for the application of the discovery rule is the same in each instance. It is manifestly unrealistic and unfair to bar a negligently injured party's cause of action before he has had an opportunity to discover that it exists." (46 Ill. 2d 32, 41.)

To interpret *Lipsey* as the defendant suggests would emasculate the intent of the discovery rule as set forth in *Rozny v. Marnul* (1969), 43 Ill. 2d 54, 250 N.E.2d 656. See also Prosser, Torts §30, at 143-45 (4th ed. 1971).

The defendant seeks support for his interpretation of *Lipsey* in *Ilardi v. Spaccapaniccia* (1977), 53 Ill. App. 3d 933, 369 N.E.2d 144, and *Anguiano v. St. James Hospital* (1977), 51 Ill. App. 3d 229, 366 N.E.2d 930. We find this reliance misplaced. See *Roper v. Markle*; *Martinez v. Rosenzweig* (1979), 70 Ill. App. 3d 155, 387 N.E.2d 1263; *Licka v. William A. Sales, Ltd.* (1979), 70 Ill. App. 3d 929, 388 N.E.2d 1261.

Whether the trial court correctly granted a summary judgment here, under the reasoning of *Roper*, depends upon a determination of when the plaintiff knew or should have known of the cause of her injury. As the defendant's answer[2] did not deny that the plaintiff first became aware of the negligent cause of her blindness in March 1975, no question of fact exists as to that issue.

■ Whether the plaintiff should have known of the negligent cause of her

---

[2] The defendant's answer stated in pertinent part that:

"In answer to Paragraph 7, this defendant denies that he was guilty of any negligence at any time during the course of the care and treatment which he rendered to the plaintiff herein; further answering, this defendant denies that the time when plaintiff discovers the 'negligence of the defendant' constitutes sufficient legal grounds to overcome the bar of the Statute of Limitations to this cause of action, and, therefore, this defendant moves to strike said allegation on the grounds that it is insufficient as a matter of law."

condition prior to March 1975, and in particular prior to November 1973, is a question of fact for the fact finder. See *Nolan v. Johns-Manville Asbestos & Magnesia Materials Co.*; *Martinez v. Rosenzweig* (1979), 70 Ill. App. 3d 155, 387 N.E.2d 1263; *Licka v. William A. Sales, Ltd.* (1979), 70 Ill. App. 3d 929, 388 N.E.2d 1261; *Roper v. Markle* (1978), 59 Ill. App. 3d 706, 375 N.E.2d 934.

■■ The defendant contends that Lind knew or should have known of her injury at the latest by 1970 when, after being diagnosed and treated for epithelial downgrowth, her vision had deteriorated so that she was unable to see from her right eye. He contends that the plaintiff's injury was a traumatic injury and as such that she should have known of the cause of her injury upon its discovery. We disagree. A traumatic injury is immediate and caused by an external force while a nontraumatic injury is one "which does not immediately put one on notice of its origination by negligent means." (*Roper v. Markle* (1978), 59 Ill. App. 3d 706, 711; accord, *Nolan v. Johns-Manville Asbestos & Magnesia Materials Co.*) The present case falls within the latter category and is similar factually to *Kristina v. St. James Hospital* (1978), 63 Ill. App. 3d 810, 380 N.E.2d 816, and *Licka v. William A. Sales, Ltd.* In each case the plaintiff underwent surgery and then suffered complications. The courts found that the plaintiffs' conditions could have been caused by a number of factors. Therefore, the courts refused to hold as a matter of law that the plaintiffs should have known of the true cause of their conditions at the time they discovered their injuries. But see *Berry v. G. D. Searle & Co.* (1974), 56 Ill. 2d 548, 309 N.E.2d 550.

■■ In the present case, there is nothing in the transcript to draw the conclusion that at the time she discovered her injury the plaintiff should have made the causal connection between her lens extraction surgery and her blindness. If the physicians treating her did not draw this causal connection, then it cannot be said that the plaintiff's failure to suspect her physician of 15 years of negligence was unreasonable. (*Martinez v. Rosenzweig*; *Licka v. William A. Sales*; *Roper v. Markle*.) Nor was the fact that the plaintiff's condition was diagnosed, sufficient, without more, to require the conclusion that she should have known that she had an actionable injury. (*Nolan v. Johns-Manville Asbestos & Magnesia Materials Co.*) She could have been under the impression that her condition, although characterized as "unusual," was an innocent result of her eye surgery.

■■ The right of a moving party for a summary judgment must be clear and free from doubt. (*Nolan v. Johns-Manville Asbestos & Magnesia Materials Co.*; *Stevenson v. Nauton* (1979), 71 Ill. App. 3d 831, 390 N.E.2d 53; *In re Estate of Ariola* (1979), 69 Ill. App. 3d 158, 386 N.E.2d 862; *Kwak v. St. Anthony De Padua Hospital* (1977), 54 Ill. App. 3d 719, 369 N.E.2d

1346.) As the facts in this case raise a question of fact as to when the plaintiff should have known of the cause of her condition, the summary judgment was improperly granted. Therefore, we remand this issue to the trial court for a determination by the fact finder. *Nolan v. Johns-Manville Asbestos & Magnesia Materials Co.*; see also *Martinez v. Rosenzweig*; *Licka v. William A. Sales, Ltd.*; *Kristina v. St. James Hospital*; *Roper v. Markle.*

For the aforesaid reasons the judgment of the circuit court of Cook County is reversed and the cause is remanded for further proceedings.

Judgment reversed and remanded.

McGLOON and RIZZI, JJ., concur.