MARY BEBEE, Plaintiff-Appellant, *v.* DR. ROBERT L. FIELDS *et al.*,
Defendants-Appellees.

First District (2nd Division)    No. 78-2042

Opinion filed December 31, 1979.

Goldenson, Kiesler, Berman & Brenner, of Chicago (Robert D. Kreisman, of counsel), for appellant.

O'Brien, Redding & Hyde, of Chicago (Donald J. O'Brien, Jr., and Michael W. Rathsack, of counsel), for appellees.

Mr. JUSTICE DOWNING delivered the opinion of the court:

Plaintiff, Mary Bebee, appeals from a judgment of the circuit court of Cook County dismissing her medical malpractice action as to defendants Dr. Robert L. Fields, Dr. Samuel Yelin, and Thorek Medical Center on the basis that the cause was barred by the statute of limitations (Ill. Rev. Stat. 1977, ch. 83, par. 22.1).

Plaintiff filed her original malpractice complaint on December 19, 1977. On March 22, 1978, she amended the complaint and added Dr. Samuel Yelin as a party defendant. On September 21, 1978, plaintiff was granted leave to file a second amended complaint instanter.

This complaint in summary alleged that on or about November 25, 1975, December 1, 1975, and December 22, 1975, plaintiff was under the care and treatment of defendants; that on those dates defendant Dr. Fields referred plaintiff to defendant Thorek Medical Center for treatment and surgery; that on those dates defendant Dr. Yelin treated the

plaintiff and performed surgical procedures known as celiac ganglion blocks; that as a direct and proximate result of those procedures, plaintiff's left leg became paralyzed, a condition known as left foot drop; that this condition existed after the first block was performed on or about November 25, 1975, and existed after the blocks on or about December 1 and 22, 1975, were performed; and that such condition existed as a result of defendants' negligent care and treatment. The complaint further alleged that the first time plaintiff had reason to believe or learn of any possible malpractice as a result of the surgical procedures was on or about January 12, 1977; that at no time after the blocks were performed did defendants apprise plaintiff of any negligence which might have or did occur from the surgical procedures; that immediately subsequent to and for a period long after the blocks had been performed, defendants, knowing of plaintiff's injury, fraudulently concealed from plaintiff that any negligence or malpractice caused plaintiff's injury; and that as a direct and proximate result of defendants' negligence plaintiff lost the use of her left leg.

On September 22, 1978, defendants filed a motion to dismiss supported by an affidavit of defendant Fields alleging that plaintiff's injury existed prior to December 19, 1975, and that plaintiff's suit, filed on December 19, 1977, was barred by the two-year statute of limitations. On that same date, the trial court granted defendants' motion to dismiss from which plaintiff filed a timely notice of appeal.

## I.

In *Lipsey v. Michael Reese Hospital* (1970), 46 Ill. 2d 32, 262 N.E.2d 450, our supreme court applied the time of discovery rule to medical malpractice cases holding that a cause of action in medical malpractice cases accrues when the person injured learns of his injury or should reasonably have learned of it. The court found it "manifestly unrealistic and unfair to bar a negligently injured party's cause of action before he has had an opportunity to discover that it exists." (46 Ill. 2d 32, 41.) On the date plaintiff's complaint was filed, section 21.1 of the Limitations Act (Ill. Rev. Stat. 1977, ch. 83, par. 22.1), which reflects the language of *Lipsey*, provided in pertinent part:

> "No action for damages for injury * * * against any physician or hospital duly licensed under the laws of this State, * * *, arising out of patient care shall be brought more than 2 years *after the date on which the claimant knew, or through the use of reasonable diligence should have known*, or received notice in writing *of the existence of the injury* * * *." (Emphasis added.)

At the time *Lipsey* was decided, the applicable statute was section 14 of the Limitations Act (Ill. Rev. Stat. 1969, ch. 83, par. 15) which provided

in pertinent part: "Actions for damages for an injury to the person, * * * shall be commenced within two years next after the cause of action accrued." In 1975, the legislature, apparently in response to the *Lipsey* holding, amended section 21.1 of the Limitations Act, which then applied only to foreign substance cases, and enacted a provision applicable to all forms of medical malpractice. This section, in pertinent part, provided:

> "No action for damages for injury * * * against any physician or hospital duly licensed under the laws of this State, * * * arising out of patient care shall be brought more than 2 years after the date on which the claimant knew, or through the use of reasonable diligence should have known, or received notice in writing of the existence of the injury * * * for which damages are sought in the action, whichever of such date occurs first, but in no event shall such action be brought more than 5 years after the date on which occurred the act or omission or occurrence alleged in such action to have been the cause of such injury * * *." (Ill. Rev. Stat. 1975, ch. 83, par. 22.1.)

In 1976, section 21.1 was again amended (Pub. Act 79-1434, §6, eff. Sept. 19, 1976), and the five-year absolute limitation time in which to bring such actions was reduced to four years. Although not in issue in the present case, we note that this four-year absolute time limitation period was recently upheld as constitutional in *Anderson v. Wagner* (Docket Nos. 50880, 50980, 50981 cons., filed October 2, 1979, ___ Ill. 2d ___, ___ N.E.2d ___.

■■ Defendants contend that under the facts of this case, it is the date of knowledge of injury that determines when the cause of action accrues, and that because plaintiff admits she was aware of her injury on November 25, 1975, her complaint filed on December 19, 1977, was not within the two-year statutory limitation period.

Plaintiff, on the other hand, contends that the time of discovery rule enunciated in *Lipsey*, and as it has been interpreted by subsequent appellate court cases, means when the plaintiff first learned that her injury was actionable, *i.e.*, when she reasonably should have known that the injury was caused by another's negligence. Plaintiff argues that although she knew of the left foot drop after the initial surgery on November 25, 1975, she did not become aware that the condition was caused by defendants' negligence until January 12, 1977, and therefore her complaint, which was filed 11 months later, was within the two-year statutory limitation time.

Our supreme court has yet to decide the issue presented in the instant case where a time gap allegedly exists between discovery of the injury and discovery that the injury may have been wrongfully caused. In *Lipsey*, the facts required no distinction to be drawn between discovery

of injury and discovery of negligence since both, in that case, were discovered virtually simultaneously. However, it is interesting to note that in *Lipsey* the court framed the issue as whether the statute of limitations began to run at the time of the plaintiff's first surgery and the alleged negligence, or at the time that the plaintiff discovered her true condition or should have known of it and the defendants' claimed negligence. The court further stated that if the latter standard should have been applied by the trial court, dismissal of the plaintiff's complaint on the ground that it was barred by the statute of limitations was improper. The court found in favor of plaintiff but stated its rule for medical malpractice cases to be when the person injured learns of his injury or should reasonably have learned of it. This rule made no reference to discovery of negligence.

This court in *Roper v. Markle* (1978), 59 Ill. App. 3d 706, 375 N.E.2d 934, was faced with a situation where plaintiff did not discover until over two years after she knew of her injury that its cause was allegedly due to a surgical error. This court interpreted the phrase "learns of the injury" as stated in *Lipsey* to mean "when there is a concurrence of the actual or constructive knowledge of both the physical problem and the possibility that someone is at fault for its existence." (59 Ill. App. 3d 706, 710.) This interpretation has been adopted and applied in the majority of medical malpractice cases involving this issue. (*Licka v. William A. Sales, Ltd.* (1979), 70 Ill. App. 3d 929, 388 N.E.2d 1261; *Kristina v. St. James Hospital* (1978), 63 Ill. App. 3d 810, 380 N.E.2d 816; *Martinez v. Rosenzweig* (1979), 70 Ill. App. 3d 155, 387 N.E.2d 1263; *Watkins v. Health & Hospital Governing Com.* (1979), 78 Ill. App. 3d 468, 397 N.E.2d 228; *Lind v. Zekman* (1979), 77 Ill. App. 3d 432, 395 N.E.2d 964; *Cutsinger v. Cullinan* (1979), 72 Ill. App. 3d 527, 391 N.E.2d 177; *Fure v. Sherman Hospital* (1978), 64 Ill. App. 3d 259, 380 N.E.2d 1376 (wrongful death action).) We do not find the views expressed in two pre-*Roper* decisions cited by the defendants, *Ilardi v. Spaccapaniccia* (1977), 53 Ill. App. 3d 933, 369 N.E.2d 144, and *Anguiano v. St. James Hospital* (1977), 51 Ill. App. 3d 229, 366 N.E.2d 930, persuasive here as subsequent decisions by each respective division have limited these cases to their facts and have adopted the *Roper* rationale. See *Martinez v. Rosenzweig*; *Kristina v. St. James Hospital.*

Defendants argue that the paralysis of plaintiff's leg, which occurred after the first surgical procedure was performed, was a traumatic occurrence, one which was unrelated to the condition for which plaintiff was being treated, and, as a matter of law, plaintiff should have known at that time that her injury may have been caused by the surgery. Defendants cite *Ikenn v. Northwestern Memorial Hospital* (1979), 73 Ill. App. 3d 694, 392 N.E.2d 440, as controlling.

In *Ikenn*, plaintiff alleged that she was blinded at birth by defendants'

negligent administration of oxygen; that she had no knowledge that her blindness might have been caused by defendants until a magazine article was read to her in 1975 (when she was 22 years old); and that she had no knowledge of the treatment administered to her at the hospital until November 1976. In reaching its decision, the court stated that while questions of knowledge and causation are ordinarily questions for the trier of fact, there are situations where it is clear that a plaintiff knew or should have known of injury and causation, in which event these questions become matters of law to be decided by the trial court. In finding that the statute of limitations began to run when plaintiff attained her age of majority, the court reasoned that because blindness is an unusual or traumatic condition, plaintiff could have reasonably learned by making inquiry before her 20th birthday that her blindness occurred during treatment at the hospital and should have known that it could have been caused by the wrongful conduct of another.

We find the facts in the present case to be distinguishable from those in the *Ikenn* case. Here, plaintiff underwent surgical procedures which involved the manipulation of her spine. It would be reasonable for plaintiff, one unsophisticated in the field of medicine, to assume her condition was innocently as opposed to negligently caused as a result of this type of procedure. The fact that plaintiff remained under defendants' care after the injury first occurred and underwent two more similar procedures would seem to indicate a belief that this condition could be alleviated with further treatment. There is nothing in the pleadings to suggest that plaintiff should have reasonably become aware at the time the first procedure was performed that her condition was negligently caused. The classification of plaintiff's condition as a traumatic or nontraumatic occurrence should not be deemed the controlling factor. In considering the significance of such a classification, this court in *Kristina v. St. James Hospital* (1978), 63 Ill. App. 3d 810, 813, 380 N.E.2d 816, stated:

> "In our opinion, the classification of an injury as traumatic or nontraumatic, in and of itself, is of no significance. The only benefit to be derived from such a classification is that it aids in the determination of the controlling factual issue in each case, namely, when did the plaintiff discover or when should he reasonably have discovered that the injury was caused by the defendant's wrongful conduct."

The court, citing *Lipsey*, went on to say that in a situation where the nature and circumstances of the injury are such that its cause is unknown or apparently innocent at the time it occurs, it would be manifestly unrealistic and unfair to bar a negligently injured party's cause of action before he has had an opportunity to discover that it exists.

However, defendants argue that plaintiff failed to sustain her burden

of pleading facts necessary to explain why the cause of action was not discovered sooner, and therefore the complaint was properly dismissed, citing *Pratt v. Sears Roebuck & Co.* (1979), 71 Ill. App. 3d 825, 829, 390 N.E.2d 471, and *Kielminski v. St. Anthony's Hospital* (1979), 68 Ill. App. 3d 407, 408, 386 N.E.2d 326. Both these cases are distinguishable. In *Pratt*, plaintiffs filed an action for damages resulting from the explosion of a water heater against the retailer and the manufacturer of the heater six years after the date of the explosion. The complaint alleged in part that defendants conspired to conceal the name of the manufacturer which plaintiffs did not discover until 30 days before they filed their complaint. In affirming the dismissal of the complaint, this court found, among other deficiencies, that plaintiffs had ample opportunity to trace the water heater back to its manufacturer within the time allotted by statute to bring the action and therefore the discovery rule was inapplicable. Furthermore, the court found that the limitations statute applicable to fraudulently concealed actions applied to fraudulent concealment of causes of action, not to fraudulent concealment of the identity of tort-feasors. In *Kielminski*, the motion to dismiss was sustained on the basis that plaintiff made no allegation as to when she knew or reasonably could have known of the alleged malpractice.

In the present case, plaintiff's second amended complaint, although imprecisely drawn, reasonably informed the defendants of the nature of the claim which they were called upon to meet. (Ill. Rev. Stat. 1977, ch. 110, par. 42(2).) It alleged that after the third surgical procedure was performed in late December of 1975 plaintiff remained under defendants' care, during which time defendants fraudulently concealed from her that her injury may have been negligently caused, and that the first time she had reason to believe her injury was negligently caused was on January 12, 1977.

■■ Section 33(3) of the Civil Practice Act (Ill. Rev. Stat. 1977, ch. 110, par. 33(3)) provides that pleadings shall be liberally construed with a view to doing substantial justice between the parties. Here, although the complaint does not contain express allegations that the negligence could not have been discovered sooner, such a conclusion can reasonably be inferred from the nature of the plaintiff's injury, and it is reasonable to assume, under the allegations of the complaint, that plaintiff, one unsophisticated in such matters, might not have had prior knowledge of the negligence of defendants. (See *Cutsinger v. Cullinan* (1979), 72 Ill. App. 3d 527, 532, 391 N.E.2d 177.) Furthermore, the defendants, by way of a motion under section 45 of the Civil Practice Act (Ill. Rev. Stat. 1977, ch. 110, par. 45), should have specifically identified the defect of which they now complain so that an effort could have been made to amend in

the motion court. To sustain the dismissal of a complaint on the basis of a correctable pleading defect would be unfair. 72 Ill. App. 3d 527, 533.

The question presented here as to when plaintiff knew or had reasonable grounds to know of the negligent cause of her injury is a question of fact. Although the first division of this court has held this to be a preliminary question of fact to be decided by the trial court (*Kristina v. St. James Hospital* (1978), 63 Ill. App. 3d 810, 814, 380 N.E.2d 816), this division has found that once plaintiff's allegation has withstood a motion to dismiss, the preferable alternative is to remand, thereby permitting the defendants to put the matter in issue as a question of fact by filing an answer (*Licka v. William A. Sales, Ltd.* (1979), 70 Ill. App. 3d 929, 936, 388 N.E.2d 1261).

Accordingly, we reverse the judgment of the circuit court of Cook County and remand for further proceedings consistent with this opinion.

Reversed and remanded.

PERLIN and HARTMAN, JJ., concur.