K. RENEE KAUFMAN, Plaintiff-Appellant, *v.* JACK E. TAUB, D.D.S., Defendant-Appellee.

First District (2nd Division)    No. 79-1519

━━━━━━━

Opinion filed August 5, 1980.

Mitgang, Levine & Schwartz, of Chicago (John B. Schwartz and Carl Nusbaum, of counsel), for appellant.

William J. Rogers, of Chicago (Wildman, Harrold, Allen & Dixon, of counsel), for appellee.

Mr. JUSTICE STAMOS delivered the opinion of the court:

Plaintiff, K. Renee Kaufman, initiated suit in the circuit court of Cook County on August 22, 1977, against defendant, her former dentist, Jack E. Taub. She claimed to have suffered damages resulting from defendant's allegedly negligent course of treatment conducted during 1974 and 1975. Defendant moved for summary judgment, asserting the expiration of the two-year personal injury statute of limitations (Ill. Rev. Stat. 1977, ch. 83, par. 15) as a bar to plaintiff's action. Summary judgment was granted defendant; plaintiff's subsequent motion to vacate was denied. This appeal follows.

Plaintiff contends that the trial court erred in ruling the limitations period had expired. First, she asserts that the trial court improperly made findings from disputed facts on a motion for summary judgment when it found that her last visit to defendant was in April 1975 and that she should

have been cognizant of her injury (to trigger the running of the limitations period) on that date. She further claims that since she did not become aware of the negligent treatment administered by defendant until September 1976, the limitations period should comprise two years from the date of discovery. On either basis, plaintiff maintains that summary judgment was improperly granted because the limitations period for initiation of her professional malpractice action had not expired.

On May 31, 1974, plaintiff consulted defendant for dental care. Plaintiff contends that although her initial visit was merely a routine examination, she informed defendant of various other complaints (bleeding gums, crossed teeth, pain in her jaw), and he embarked on a course of extensive reconstructive therapy. According to the amended complaint, it was only two years later that plaintiff first discovered that defendant negligently failed to refer her to proper dental professionals for preparatory periodontal and surgical therapy prior to commencing reconstructive treatment. Her visit to another dentist, on September 2, 1976, following her move from the suburban area where defendant practiced, allegedly led to her discovery of what she later asserted to be the negligent nature of defendant's treatment.

Both plaintiff and defendant now agree that her gums were not treated. Defendant places the blame on plaintiff, who, he contends, refused to follow his recommendation that a specialist in periodontal disease be consulted prior to his reconstruction work. Plaintiff, however, disputes this contention. Further, she states that when she complained of bleeding gums and pain accompanying defendant's treatments, defendant responded that she was not flossing or brushing properly and was possessed of a low pain threshold and sensitive teeth. He also assured her that the pain would eventually dissipate as her mouth adjusted to the major reconstruction.

During her deposition, plaintiff stated that she had seen defendant many times and could not recall the exact dates of each visit although she had kept a record on a calendar at home. When asked if she could recall the last time she sought dental care from defendant, plaintiff responded:

"A. No, I don't. It was after we moved into our house. I don't know.

Q. Would it sound correct if I said April 29, 1975?

A. No.

Q. That does not sound correct?

A. That does not sound correct.

Q. Do you recall whether it would be before or after April 29, 1975, you first [sic] saw him?

A. After.

Q. How long after April 29, 1975?

A. I don't remember."

This excerpt from plaintiff's deposition was attached to plaintiff's response to defendant's motion for summary judgment. Also included with the response was an affidavit by plaintiff stating that her last treatment was on February 6, 1976. Defendant, in an affidavit filed with his motion for summary judgment, had averred that plaintiff's last visit occurred on April 29, 1975.

Defendant's motion for summary judgment was granted in March 1979. Plaintiff filed a motion to vacate and a petition for rehearing. The trial court granted the rehearing but denied the motion to vacate. In its order following the rehearing the trial court delineated its formulation of the issues presented and its reasons for granting defendant summary judgment:

"1) The issues as framed by Plaintiff's Amended Complaint are:

(a) Defendant's negligent failure to correct and treat Plaintiff's overbite or Class II malocclusion before undertaking extensive dental work on the Plaintiff when Defendant treated her in 1974 and 1975; and,

(b) Defendant's negligent failure to recognize and treat Plaintiff's gum and periodontal problems or refer Plaintiff for a periodontal consultation when Defendant treated her in 1974 and 1975.

2) Plaintiff's overbite and gum problems existed when she began treatment with Defendant, continued during her treatment by Defendant and existed in *April, 1975 when she was last treated* by Defendant for her overbite and gum problems. In April, 1975, Plaintiff knew or reasonably should have known that Defendant had failed to treat these problems.

3) Plaintiff's Affidavit that she last saw Doctor Taub on February 6, 1976 to replace a cap on a tooth is not within the issues raised by Plaintiff's Amended Complaint." (Emphasis added.)

This appeal followed.

The only issue raised on appeal is whether the trial court erred in dismissing plaintiff's complaint on the ground that it was barred by the Limitations Act. (See Ill. Rev. Stat. 1979, ch. 83, pars. 15, 22.1.) Plaintiff contends that section 14, and not section 21.1, which is a more recent addition to the Limitations Act, should govern this appeal since section 21.1 specifically limits its application to "physicians," not dentists. This section provides in relevant part:

"No action for damages for injury or death *against any physician* or hospital duly licensed under the laws of this State * * * shall be brought more than 2 years after the date on which the claimant knew, or through the use of reasonable diligence should have known * * * of the existence of the injury or death for which damages are sought in the action, whichever of such date occurs

first, but in no event shall such action be brought more than 4 years after the date on which occurred the act or omission or occurrence alleged in such action to have been the cause of such injury or death." (Emphasis added.) Ill. Rev. Stat. 1979, ch. 83, par. 22.1.

■■ Section 14, which plaintiff advances as the applicable limitations section, pre-existed section 21.1 and covers, *inter alia*, all health care providers who are neither physicians nor hospitals. Section 14 stipulates:

"Actions for damages for an injury to the person, or for false imprisonment, or malicious prosecution, or for a statutory penalty, or for abduction, or for seduction, or for criminal conversation, shall be commenced within two years next after the cause of action accrued." (Ill. Rev. Stat. 1979, ch. 83, par. 15.)

Section 14 provides that the limitations period begins to run from the time the cause of action accrues. Section 21.1, however, specifies that the period commences from the time when plaintiff "knew, or * * * should have known * * * of the existence of the injury or death for which damages are sought." We have consistently interpreted the triggering factor which initiates the running of the limitations period, under either statute, as the point at which plaintiff gains knowledge of the injury and becomes aware that someone may be responsible for it. (See, *e.g.*, *Bebee v. Fields* (1979), 79 Ill. App. 3d 1009, 1012, 398 N.E.2d 1214; *Licka v. William A. Sales, Ltd.* (1979), 70 Ill. App. 3d 929, 935, 388 N.E.2d 1261.) This identical construction of the triggering factors in sections 14 and 21.1, despite the dissimilar language of the two provisions, derives from the decision in *Roper v. Markle* (1978), 59 Ill. App. 3d 706, 375 N.E.2d 934, which construed section 21.1. *Roper* reviewed the earlier cases construing section 14 and focused on the language in *Lipsey v. Michael Reese Hospital* (1970), 46 Ill. 2d 32, 37, 262 N.E.2d 450, which indicated the appropriate time of commencement to be when plaintiff knew both of her injury and of defendant's possible negligence. The court in *Roper*, adopting an interpretation of section 21.1 congruent to that given in *Lipsey* to section 14, commented, "[O]ur reading of *Lipsey* convinces us that the terminology of the statute must be interpreted to mean that the limitations period does not begin to run until there exists actual or constructive knowledge of both a *physical problem and that someone is or may be at fault for its existence.*" (Emphasis added.) (*Roper*, at 713.) *Roper* rejected a literal reading of section 21.1 which would have had the limitations period run from when plaintiff "knew, or * * * should have known * * * of the existence of the injury" irrespective of whether defendant's claimed negligence was yet evident. (See *Roper*, at 712-13.) Accordingly, under the progression of cases from *Lipsey* to *Roper*, the two-part test to commence the limitations period is established as

knowledge of injury plus knowledge of defendant's negligence.[1] Under either statute, the test is the same. The key difference between the two provisions is the four-year maximum limitations period contained in section 21.1.[2] This four-year period runs from the date of the injury and contained within it is the two-year limitations period which commences solely upon discovery of the injury. Since there is no question of a four-year bar to plaintiff's action under any construction of the facts of the instant case and because the two provisions are otherwise parallel as to the factors which trigger the commencing of the limitations periods, the effect of either statute is identical here and we need not decide if dentists are included within the scope of the word "physicians" in section 21.1. The question remains as to whether the limitations period on plaintiff's action, as defined by the cases set out above, expired prior to the initiation of her suit.

Defendant contends that *Evans v. Bachman* (1979), 78 Ill. App. 3d 1107, 398 N.E.2d 114, modifies the time of discovery rule contained in sections 21.1 and 14. In *Evans*, plaintiff discovered his injury and its cause less than two years after the surgery during which the injury occurred. The court computed the two-year limitations period under section 21.1 from the date of surgery rather than the date of discovery and barred plaintiff's suit. Relying on *Dolce v. Gamberdino* (1978), 60 Ill. App. 3d 124, 376 N.E.2d 273, which dealt with a five-year limitations period for an oral contract, the *Evans* court held that "where a plaintiff has learned of his injury within two years of its occurrence, the discovery rule is not applicable to extend the time for bringing an action." (*Evans*, at 1110.) Under *Evans*, the plaintiff who learns of his injury prior to the elapsing of two years from the last negligent act has only the time remaining in that two-year period to initiate his malpractice action.

Section 21.1, however, already contains a legislative four-year constraint on the bringing of claims. The two-year period is tolled until

---

[1] Whether section 21.1 was intended to secure for physicians and hospitals not only a four-year outside time limit on the initiation of malpractice suits, but also a narrowing of that statute's time of discovery rule to commence the limitations period upon plaintiff's knowledge of the fact of injury (in contrast to the more expansive construction accorded section 14 by *Lipsey* and its progeny), has not yet been settled by our supreme court. See *Anderson v. Wagner* (1979), 79 Ill. 2d 295, 306-07, 402 N.E.2d 560 (supreme court in commenting on section 21.1 phrases the limitation period "2 years after the claimant knew or should have known of the existence of the injury"); compare *Ilardi v. Spaccapaniccia* (1977), 53 Ill. App. 3d 933, 369 N.E.2d 144, with (a case from the same division) *Martinez v. Rosenzweig* (1979), 70 Ill. App. 3d 155, 387 N.E.2d 1263.

[2] *Anderson v. Wagner* (1979), 79 Ill. 2d 295, 402 N.E.2d 560, upheld the constitutionality of section 21.1 against an attack that it constituted special legislation in favor of physicians and hospitals. The court detailed the policy considerations relating to the "medical malpractice insurance crisis" which may have warranted legislative curtailing of the time of discovery rule. *Anderson*, at 318-19.

discovery of the injury, but in any event, the plaintiff has no more than four years from the date of the actual injury to initiate his action. By the clear language of the statute, only the four-year period runs from the date of actual injury. To construe the two-year period as similarly running from the date of injury unless the harm is discovered outside the two-year period would controvert both the explicit discovery rule contained in the statute and the cases applying the discovery rule. (*E.g.*, *Bebee v. Fields* (1979), 79 Ill. App. 3d 1009, 398 N.E.2d 1214; *Licka v. William A. Sales, Ltd.* (1979), 70 Ill. App. 3d 929, 388 N.E.2d 1261; *Martinez v. Rosenzweig* (1979), 70 Ill. App. 3d 155, 387 N.E.2d 1263.) To the extent that *Evans* conflicts with those cases which hold that the two-year period begins to run on the date of discovery, not the date of injury, we decline to follow *Evans.*[3]

■■ ■ Generally, whether plaintiff knew or reasonably should have known of her injury is a question within the purview of the trier of fact. (*Roper v. Markle* (1978), 59 Ill. App. 3d 706, 714, 375 N.E.2d 934.) In those cases where plaintiff alleges no date of discovery the statute is presumed to run from the date of injury. (*Kielminski v. St. Anthony's Hospital* (1979), 68 Ill. App. 3d 407, 408-09, 386 N.E.2d 326.) Similarly in those few cases where the problem itself imports constructive knowledge of the wrongful injury (*e.g.*, *Ikenn v. Northwestern Memorial Hospital* (1979), 73 Ill. App. 3d 694, 699, 392 N.E.2d 440), the date of discovery may be decided as a question of law. Yet in the great majority of cases, summary judgment, appropriately rendered only if the pleadings, depositions, and admissions on file show that there is no genuine issue as to any material fact (Ill. Rev. Stat. 1977, ch. 110, par. 57(3)), is unavailable for the resolution of the dispute as to date of discovery. This date is a question of fact and is properly referred to the trier of fact. *Licka v. William A. Sales, Ltd.* (1979), 70 Ill. App. 3d 929, 936, 388 N.E.2d 1261; *Nolan v. Johns-Manville Asbestos & Magnesia Materials Co.* (1979), 74 Ill. App. 3d 778, 794, 392 N.E.2d 1352.

In the instant case the trial court defined plaintiff's injury as bleeding gums rather than as defendant's improper course of treatment for a patient with a moderately severe malocclusion and pre-existing periodontal disease. The trial court granted summary judgment apparently based upon its determination of the final date of treatment and its theory that plaintiff should have known of her injury, *i.e.*, the bleeding gums, on that date. The amended complaint alleges the period of treatment

---

[3] Leave to appeal was denied in Evans in May 1980. We note, however, our supreme court's comment in *People v. Vance* (1979), 76 Ill. 2d 171, 183, 390 N.E.2d 867: "Our denials of leave to appeal, of course, carry no connotation of approval or disapproval of the appellate court action, and signify only that four members of this court, for reasons satisfactory to them, have not voted to grant leave."

as 1974-1975. Plaintiff states in her deposition that the last date of treatment was later than April 1975. In her affidavit in response to defendant's motion for summary judgment, she averred that the last date upon which she consulted defendant was February 6, 1976. A fair inference may be drawn from plaintiff's statements that she saw defendant after April 1975. Her affidavit states only that February was the last treatment, not that it was the only treatment after April 1975. Using the familiar postulates, set out above, that a court should not determine a disputed fact and that a party's right to summary judgment should be free from doubt (*Lind v. Zekman* (1979), 77 Ill. App. 3d 432, 438, 395 N.E.2d 964), the trial court erred when it predicated its finding that the limitations period had expired on its resolution of the disputed date. (See *Littrell v. The Coats Co.* (1978), 62 Ill. App. 3d 516, 519-20, 379 N.E.2d 293.) Even under the theory that plaintiff should have known of her injury when the treatments were completed, a question of fact remains as to when they were actually completed, and summary judgment should not have been granted on this record.

There remains some question, nevertheless, whether plaintiff's injury was such that she should have known of it on the last date of treatment. For the purposes of defendant's motion for summary judgment, plaintiff's pleadings and deposition are to be taken as true. Plaintiff alleged that defendant assured her that bleeding gums were consistent with her dental habits and his reconstructive treatment. Her belief in such assurances would be compatible with her claims in the trial court and on appeal that this was not the sort of traumatic occurrence for which the injury and her knowledge of it would necessarily be concomitant. (See *Witherell v. Weimer* (1979), 77 Ill. App. 3d 582, 587, 396 N.E.2d 268.) The plaintiff might reasonably have believed that the continuing pain in her mouth was a normal result of major reconstructive therapy rather than defendant's failure to treat the pre-existing affliction. See *Taber v. Riordan* (1980), 83 Ill. App. 3d 900, 904, 403 N.E.2d 1349.

Further, plaintiff alleges that her injury was the "negligent" course of reconstructive treatment which failed to take into account the preexisting dental problems. Supporting her contentions are plaintiff's statements in her deposition that portions of defendant's reconstructive work had to be removed or redone in conjunction with correct treatment of the gums and the malocclusion following consultation with other dentists in September 1976.

■■ Defining her injury in this way, summary judgment should have been denied defendant if there was a factual question as to the date of plaintiff's discovery of her injuries resulting from defendant's care. In discussing the limitations period of section 21.1, our supreme court in *Anderson v. Wagner* distinguished between the time of discovery and the

date of the last act or omission alleged to have been the cause of the injury. Thus, it is the date of discovery, not the last "negligent" act which starts the running of the two year limitations period. (See also *Lipsey*.) The relevant date therefore was not the last date of treatment but the date of plaintiff's discovery of the implications of defendant's treatment. Since that date, as alleged by plaintiff, was September 1976, the suit may well have been timely brought. This question of time of discovery must be reserved to the trier of fact.

Accordingly, we hold that the trial court improvidently granted defendant's motion for summary judgment. The case must be reversed and remanded for trial.

Reversed and remanded.

DOWNING and HARTMAN, JJ., concur.