**SPORTS BAR, INC., an Illinois corporation, d/b/a Instant Replay Sports Cafe, Plaintiff,**

v.

**VILLAGE OF DOWNERS GROVE, ILLINOIS, a municipal corporation, Defendant.**

No. 89 C 3529.

United States District Court,
N.D. Illinois, E.D.

Oct. 23, 1989.

---

**162**

Donnie Rudd, Schain Firsel & Burney, Chicago, Ill., for plaintiff.

Mark F. Smolens, Richard T. Ryan, Flynn Murphy & Ryan, Chicago, Ill., for defendant.

## MEMORANDUM OPINION AND ORDER

ASPEN, District Judge:

The defendant Village of Downers Grove ("the Village") has moved pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure to dismiss both counts of the plaintiff's two-count complaint for failure to state a claim upon which relief can be granted. In response to the Village's motion, the plaintiff has voluntarily dismissed Count I of its complaint, and we enter judgment accordingly. For the reasons set forth below, we also dismiss Count II of the complaint and impose Rule 11 sanctions.

### Motion to Dismiss

In Count II of its complaint, the plaintiff Sports Bar, Inc. has sued for damages under 42 U.S.C. § 1983, allegedly arising from the Village's denial of Sports Bar's request for a liquor license. Sports Bar alleges that the denial was so "arbitrary and capricious" as to deny Sports Bar due process of law. The Village has moved to dismiss this count on the grounds that the allegations in the complaint indicate that the claim is barred by the statute of limitations. Where the dates in a complaint show that an action is barred by a statute of limitations, a defendant may raise this affirmative defense in a pre-answer Rule 12(b)(6) motion to dismiss. *Ghartey v. St. John's Queens Hospital,* 869 F.2d 160, 162 (2d Cir.1989). In resolving such a pre-answer defense, we must limit our consideration only to the facts asserted in the complaint, along with the legal arguments of the parties made in support of and in opposition to the motion. *Id.*

The complaint alleges that the claimed deprivation—the denial of the license—took place on October 4, 1986. Sports Bar filed this suit on April 28, 1989. The applicable statute of limitations is the Illinois statute of limitations for personal injury actions. *See Wilson v. Garcia,* 471 U.S. 261, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985) (holding that the most analogous statute of limitations for Section 1983 actions is the individual state's personal injury statute of limitations); *Kalimara v. I.D.O.C.,* 879 F.2d 276 (7th Cir.1989); *Knox v. Cook County Sheriff's Police Dept.,* 866 F.2d 905, 907 (7th Cir.1988). The Illinois statute requires a plaintiff to bring an action within two years of the time the cause of action accrued. Ill.Rev.Stat. ch. 110, ¶ 13–202.

Therefore, accepting the allegations of Sports Bar's complaint as true, its cause of action is clearly barred by the applicable statute of limitations.

■ Sports Bar, however, claims that the statute of limitations as to its Section 1983 claim was tolled by proceedings before the State of Illinois Liquor Control Commission and the Circuit Court of DuPage County. Apart from the fact that nothing regarding the tolling effect of these proceedings appears in the complaint, Sports Bar's argument is nevertheless irrelevant and without merit.

Apparently, subsequent to the denial of its liquor license, Sports Bar appealed the ruling to the State of Illinois Liquor Control Commission. The Illinois Liquor Control Commission affirmed the denial of the license. Sports Bar then filed an action for review of that decision in the Circuit Court of DuPage County. The state court dismissed the action when Sports Bar failed to appear for a hearing on a motion to dismiss filed by the Village. The court's order dismissing the complaint gave Sports Bar 28 days to amend its complaint. Sports Bar contends that no formal action was taken to dismiss the action after Sports Bar failed to file an amended complaint within 28 days. Because no final and appealable order had been entered, Sports Bar claims that the statute of limitations remains tolled. Indeed, Sports Bar goes further to assert that, pursuant to the Illinois Code of Civil Procedure, Section 2–1301, the statute of limitations will not run until one year from the date of any final order of dismissal in the DuPage County action.

Even accepting Sports Bar's characterization of the status of the case,[1] this line of argument is bootstrapping at its worst. The status of the state court action seeking administrative review of the denial of the liquor license has nothing whatever to do with tolling the appropriate statute of limitations on this separate and distinct Section 1983 action. Accordingly, we dismiss Count II of the complaint for failure to state a claim.

### Sanctions

■ Sports Bar's action not only is meritless, but is frivolous—maintained on fundamentally incorrect constructions of fact and law. Sports Bar wisely voluntarily dismissed Count I of its complaint. But its persistence on Count II, requiring both the time and expense of this Court and the Village is a matter of deep concern.

Under Rule 11 of the Federal Rules of Civil Procedure, the signature of an attorney is a certification to the court that

> the signer has read the pleading, motion, or other paper; that to the best of the signer's knowledge, information, and belief formed after a reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause ... needless increase in the cost of litigation.

Rule 11 provides further that if a pleading, motion or other paper is signed in violation of the rule, a court, upon its own initiative, shall impose an appropriate sanction, which may include an order to pay to the other party the amount of reasonable expenses incurred because of the filing of the pleading, motion or other paper. We believe a sanction is required in this case. We therefore will consider what an appropriate sanction should be.

---

**1.** Without getting into an extensive and unnecessary review of Illinois rules of civil procedure, we note that, according to the Village, the order of the Circuit Court of DuPage County on January 12, 1988, represented a dismissal without prejudice. Applying Sports Bar's interpretation of Section 2–1301 of the Illinois Code of Civil Procedure, Sports Bar would have only one year from that date to refile its case. Thus, Sports Bar's time to refile has long since passed. We note further, however, that no provision of Section 2–1301 gives Sports Bar, a plaintiff, an extended period of time in which to refile an action once it has been dismissed without prejudice. While a provision to refile may lay elsewhere in the Illinois Code or in rules of common law or local practice, Sports Bar has failed to call our attention to such a provision. Thus, regardless of its lack of relevance, we find Sports Bar's argument to be legally suspect in its basic assertions.

Because Sports Bar voluntarily dismissed Count I of its complaint, and we have not considered its merits, we will disregard that count and treat the complaint as if it had been brought only on Count II. As indicated above, we do not believe that a reasonable inquiry into the law regarding the statute of limitations for section 1983 actions could have warranted any conclusion other than the conclusion that the action is time barred. By bringing the action, Sports Bar forced the Village to retain attorneys and respond to the complaint. After the Village clearly addressed in its motion to dismiss why the action is time-barred, Sports Bar nevertheless persisted by filing a response which required a reply by the Village. We therefore believe the Village is entitled to the amount of reasonable expenses it incurred, including a reasonable attorney's fees, as a result of responding to Count II of the complaint. We suggest that this amount should be one-half the total figure expended in responding to the entire action.

### Conclusion

Count I of the complaint has been voluntarily dismissed by Sports Bar. We dismiss Count II of the complaint with prejudice. We impose Rule 11 sanctions on Sports Bar and require it to reimburse the Village for the amount of expenses and reasonable attorney's fees that the Village incurred in connection with Count II of the complaint. Accordingly, the Village shall submit its petition and affidavit for these attorney's fees and expenses on or before November 1, 1989. Sports Bar may respond on or before November 10, 1989. It is so ordered.