Paul Joseph ABRAMSON, Plaintiff,

v.

Floyd ABRAMSON and Jane Abramson, individually, Defendants.

No. 90 C 7450.

United States District Court, N.D. Illinois, E.D.

Aug. 12, 1991.

Paul Joseph Abramson, pro se.

Royal B. Martin, Jr., Locke E. Bowman, III, Silets & Martin, Ltd., Chicago, Ill., for defendants.

## MEMORANDUM OPINION AND ORDER

ANN C. WILLIAMS, District Judge.

This matter is before the court on defendants' motion to dismiss under Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief can be granted. The court grants defendant's motion as plaintiff's law suit is barred under the applicable statute of limitations.

### Background

Plaintiff, Paul Joseph Abramson, brings this action against his parents, the defendants, Floyd and Jane Abramson ("Abram-

sons"), alleging in Count I, that on two separate occasions they caused him to be "incarcerated" in mental institutions without justification when he was a minor. Plaintiff alleges that he was abused and neglected in these institutions and, that as a result, he has suffered, and continues to suffer, from emotional and physical disabilities.

Plaintiff alleges that he was first "incarcerated" on or about June 7, 1967, when he was approximately six years old. Defendants placed plaintiff in the University of Chicago affiliated Pritzker Mental Health Center where he resided for approximately three years, until he was discharged on June 27, 1970. Until September 14, 1970, plaintiff was treated at the health center on an out-patient basis. On December 5, 1975, plaintiff was "incarcerated" a second time in the Wilson Center, a residential treatment center in the Minneapolis, Minnesota area, and was not released until 1978. Plaintiff claims that the defendants, his legal guardians, caused him to be placed in these institutions even though they knew that the plaintiff was never evaluated for any mental, emotional or psychiatric problems which would justify his detainment. Plaintiff further claims that while he was "incarcerated" he was neglected and emotionally abused by the treatment staff, involuntarily and wrongfully kept in the institution against his will, and separated from friends and family without any justification in law or fact.

Two years after his release from the Wilson Center, plaintiff suffered from emotional problems. In 1980, he began seeing Dr. Helen Warren Ross, Ph.D. on a weekly basis until 1984, and with less frequency after 1984. Beginning in 1980, Dr. Ross attempted to procure plaintiff's medical records from his two periods of incarceration as a child. Affidavit of Dr. Ross ¶ 2. Plaintiff and his doctors obtained the records from the two mental health centers in late 1988 and learned the facts surrounding his treatment and alleged injuries on December 22 or 23, 1988.[1] *Id.* at ¶ 6, 7.

---

1. The Complaint, ¶ 11, indicated that "On December 22, 1988, Plaintiff obtained a photocopy

of his childhood medical records and *became aware* of the source of his physical and emo-

Plaintiff claims that on that date he learned the cause of the physical and emotional injuries which continue to affect him to this day.

Finally, it is important to note that the plaintiff was born on August 5, 1961, and thus turned eighteen on August 5, 1979. This complaint was filed on December 24, 1990, more than eleven years after the plaintiff reached the age of majority and at least the same number of years after the events alleged in Count I of the Complaint occurred.

### Motion to Dismiss

■ Count I of the complaint asserts a claim under the common law of Illinois to recover for plaintiff's alleged "physical and emotional injuries" as a result of his incarcerations. Thus, Count I is governed by Illinois' two-year statute of limitations applicable to claims for damages for injury to the person.[2] The matters alleged in Count I all occurred during the plaintiff's childhood. The statute of limitations governing these injuries would not begin running until the plaintiff turned eighteen on August 5, 1979. Ill.Rev.Stat. Ch. 110, ¶ 13–211. By applying these statutes, the plaintiff's suit would have had to have been commenced within two years of August 5, 1979 to be allowed under the statute of limitations.[3] Since this action was not filed for more then nine years following the expiration of the limitations period on August 5, 1981, Count I fails to state a claim upon which relief can be granted. *See Sports*

*Bar, Inc. v. Village of Downers Grove, Ill.,* 129 F.R.D. 161, 162 (N.D.Ill.1989).

There is no conceivable basis pled in Count I for tolling the statute of limitations or excusing the plaintiff's failure to have commenced the suit within the applicable limitations period. Plaintiff suggests that for the past 18 years he has been emotionally scarred in some way, however, there is no allegation that plaintiff was under a legal disability at any time after he reached eighteen. A showing of legal disability would be required to toll the running of the statute once he reached eighteen. *See* Ill. Rev.Stat. Ch. 110, ¶ 13–211.[4]

■ Plaintiff suggests that the statute of limitations should be tolled in this case under the "discovery rule" because he was not aware of *the cause* of his injury until he received his medical records in 1988. The discovery rule means that "[t]he statute [of limitations] starts to run when a person knows or reasonably should know of his injury and also knows or reasonably should know that it was wrongfully caused." *Witherell v. Weimer,* 85 Ill.2d 146, 156, 52 Ill.Dec. 6, 10, 421 N.E.2d 869, 874 (1981). This rule only applies in cases where the plaintiff was not consciously aware of an injury and, not consciously aware that the injury was caused by wrongful conduct. *See e.g., Franke v. Geyer,* 209 Ill.App.3d 1009, ——, 154 Ill. Dec. 710, 712, 568 N.E.2d 931, 933 (3d Dist., 1991). The injured person does not need to be completely informed about the

tional injuries which continue to effect Plaintiff" (emphasis added). In plaintiff's memorandum in support of his motion, pp. 3, 4 and 6, December 23 is identified as the date of knowledge.

**2.** Ill.Rev.Stat. Ch. 110, ¶ 13–202. Personal injury. "Actions for damages for an injury to the person, or for false imprisonment ... shall be commenced within 2 years next after the cause of action accrued."

**3.** The plaintiff also asserts that Ill.Rev.Stat. Ch. 110 ¶ 13–202.2, which legislates a "discovery rule" statute of limitations for claims based upon childhood sexual abuse, subject to a period of repose commencing on the plaintiff's eighteenth birthday, governs his complaint. This statute is entirely irrelevant. Count I does not

contain any reference to childhood sexual abuse. The plaintiff attempts to remedy this problem by asserting, in his memorandum, that he was sexually abused during his treatment. This argument is unavailing. Whatever the plaintiff now claims may have occurred during his treatment, he nowhere contends or remotely intimates that the Abramsons sexually abused him, which would be the only factual situation to which ¶ 13–202.2 applies.

**4.** Ill.Rev.Stat. Ch. 110, ¶ 13–211. "Minors and persons under legal disability. If the person entitled to bring an action, at the time the cause of action accrued, is under the age of 18 years, or is under a legal disability, then he or she may bring the action within 2 years after the person attains the age of 18 years, or the disability is removed."

circumstances regarding his injury, nor does he need to know that the wrong is legally actionable. Under the discovery rule, the statute of limitations begins to run when "the injured person becomes possessed of sufficient information concerning his injury ... to put a reasonable person on inquiry to determine whether actionable conduct is involved...." *Knox College v. Celotex Corp.*, 88 Ill.2d 407, 58 Ill.Dec. 725, 430 N.E.2d 976 (1981). *See also Franke*, 209 Ill.App.3d at ——, 154 Ill.Dec. at 711–12, 568 N.E.2d at 932–33 (a plaintiff need not know all of the facts or circumstances in order for the statute of limitations to begin running); *Bates v. Little Co. of Mary Hosp.*, 108 Ill.App.3d 137, 140–41, 63 Ill.Dec. 887, 890, 438 N.E.2d 1250, 1253 (1st Dist.1982); *Nolan v. Johns–Manville Asbestos*, 85 Ill.2d 161, 171, 52 Ill.Dec. 1, 4–5, 421 N.E.2d 864, 869 (1981); *Witherell*, 85 Ill.2d 146, 156, 52 Ill.Dec. 6, 11, 421 N.E.2d 869, 874 (the burden is on the injured party to investigate a cause of action).[5]

■ The determination of whether one is possessed of sufficient information about the injury to investigate whether actionable conduct was involved "is usually a question of fact unless the facts are undisputed and only one conclusion may be drawn from them." *Bates v. Little Co. of Mary Hosp.*, 108 Ill.App.3d 137, 141, 63 Ill.Dec. 887, 890, 438 N.E.2d 1250, 1253 (1st Dist.1982). In the instant case, the only inference which can be drawn from the undisputed facts is that the plaintiff had sufficient information to put a reasonable person on inquiry and, therefore, the statute of limitations has run. Although plaintiff asserts that he did not, and could not, have "discovered" his cause of action against the Abramsons until December, 1988, when he obtained and reviewed his childhood medical records, the facts discussed below reveal that the plaintiff knew, or should have known, of his injury many years prior to the initiation of this case.

First, the plaintiff's two periods of "incarceration" and the alleged abuse and neglect which followed are the sort of "sudden, traumatic event[s] which should prompt some investigation by the injured party" and start the running of the statute of limitations. *Lutes v. Farley*, 113 Ill.App.3d 113, 115, 68 Ill.Dec. 695, 697, 446 N.E.2d 866, 868 (3d Dist.1983). Furthermore, the allegations in the Complaint establish that the plaintiff was consciously aware of having suffered an injury. The Complaint specifically states that the plaintiff has suffered and continues to suffer from emotional and *physical* injuries as a proximate result of his incarcerations. Complaint, ¶¶ 8, 11, 13. The plaintiff states in his brief that he was "aware of the symptoms of what he was suffering which includ[es] to date, extreme depression, paranoia, compulsive obsessiveness, eating and sleeping disorders, and complete isolation from frien[d]s and family. Plaintiff has had these feelings for so many years to date including [the] incarceration periods." Plaintiff's brief at 6.

Finally, in 1980 plaintiff became Dr. Ross' patient "to resolve his feelings and to find out what happened to him." Plaintiff's brief at 6. Therefore, as of 1980 plaintiff is viewed as having knowledge that he was injured and must be charged with a duty to investigate whether he had an actionable complaint involving his two periods of incarceration as a child. Having received weekly medical treatment for more than four years, it is "inconceivable to us that a reasonable person would not

---

5. None of the cases cited by the plaintiff's memorandum suggest any different analysis. Plaintiff relies on cases from jurisdictions other than Illinois. *See Hammer v. Hammer*, 142 Wis.2d 257, 418 N.W.2d 23 (1987); *Tyson v. Tyson*, 107 Wash.2d 72, 727 P.2d 226 (1986). Of the Illinois cases, one (*Johnson v. Johnson*, 701 F.Supp. 1363 (N.D.Ill.1988)) concerns a repressed memory of childhood sexual abuse and, therefore, is factually inapplicable to the instant case. Two of the other Illinois cases (*Estate of Riha v. Christ Hospital*, 187 Ill.App.3d 752, 135 Ill.Dec. 907, 544 N.E.2d 403 (1st Dist.1989), and *Haas v. Westlake Community Hospital*, 82 Ill.App.3d 347, 37 Ill.Dec. 881, 402 N.E.2d 883 (1st Dist.1980)) pertain to tolling the statute of limitations as the result of the plaintiff's legal incompetency, a doctrine which is not pleaded in the Complaint, argued in the plaintiff's memorandum or supported by any of the plaintiff's factual assertions. The remaining Illinois cases are either addressed in this opinion or are simply irrelevant to the issues which are dispositive of Count I.

have realized" that he was wrongfully injured by the alleged treatment plaintiff suffered in the health centers. *Lesko v. Zuffante,* 165 Ill.App.3d 823, 829, 117 Ill.Dec. 459, 463, 520 N.E.2d 810, 814 (1st Dist. 1987); *see also Witherell v. Weimer,* 85 Ill.2d 146, 52 Ill.Dec. 6, 421 N.E.2d 869. Through due diligence and reasonable investigative efforts the plaintiff would have made himself aware that his injuries were caused by wrongful conduct and that he had an actionable complaint prior to December, 1988.

Similarly, plaintiff's assertion that he did not really know that he had been *wrongfully* injured until he received his medical records in 1988, does not persuade the court. Plaintiff certainly knew that he suffered from physical abuse long before 1988, and plaintiff knew that he suffered from neglect long before 1988. "The fact that plaintiff may not have discovered the full extent of her injuries (or that she had a cause of action) until some [11 years] later is not the test. A plaintiff need not know all of the facts or circumstances [surrounding his injury] in order for the statute of limitations to begin running." *Franke,* 209 Ill.App.3d at ——, 154 Ill.Dec. at 712, 568 N.E.2d at 933. The fact that plaintiff actually did approach a psychiatrist to help him investigate these traumatic occurrences further supports the court's view that the discovery rule does not apply in this case.

The law is well settled that, where it is apparent from the face of the pleading that no application of the discovery rule would permit the asserted cause of action to continue, the Complaint should be dismissed upon the appropriate motion. *See Witherell,* 85 Ill.2d 146, 52 Ill.Dec. 6, 421 N.E.2d 869; *Franke v. Geyer,* 209 Ill.App.3d 1009, 154 Ill.Dec. 710, 568 N.E.2d 931 (Ill.App., 3d Dist., March 6, 1991). It is apparent from the face of the pleadings in the instant case that no application of the discovery rule would permit this action to continue. "Whatever the plaintiff may have learned from the medical records ... in December 1988 cannot affect the running of the statute of limitations. The plaintiff had the information which commenced the running of the statute—knowledge that he had been *injured* and knowledge of *wrongful conduct*—at or about the time of the events themselves." Defendants Memo in Support of the Motion at 6. Further, the plaintiff must be charged with concrete knowledge of the injury when he sought medical help from Dr. Ross in 1980 which, if not sooner, would have started the running of the statute of limitations.

For the foregoing reasons, this court grants defendant's motion to dismiss the Complaint under Fed.R.Civ.P. 12(b)(6), for failure to state a claim upon which relief can be granted, for failing to comply with the statute of limitations. Count II of plaintiff's complaint is also dismissed since it is based on a state law and the court lacks independent jurisdiction over the claim. *See United Mine Workers of America v. Gibbs,* 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966).

### Conclusion

For the foregoing reasons the defendants' motion to dismiss is granted. The date of entry of this order is the date which will be utilized for purposes of an appeal.